[No. 37875.  Department One.  May 28, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. NORMAN
FRANKLIN ROGERS, *Appellant*.*

*M. Brock Evans*, for appellant.

*Charles O. Carroll* and *John M. Watson*, for respondent.

PER CURIAM.—A jury found the defendant guilty of assault in the second degree, and from the judgment and sentence based on that verdict the defendant appeals. Counsel on appeal did not represent appellant during the trial.

The assault alleged was a serious stabbing. It is urged that the defendant was not adequately identified as the individual who stabbed the prosecuting witness, and that there was not sufficient evidence to take the case to the jury. There was positive identification by the prosecuting witness. There was also a statement made by a third party (who was not available to testify) to the arresting officer in the presence of the defendant that he, the defendant, had done

*Reported in 402 P.2d 501.

the stabbing; and there was no denial by the defendant at that time. The defendant thereafter told two officers that he had stabbed the prosecuting witness. The motion to dismiss at the close of the case and the motion in arrest of judgment were properly denied. *State v. Jesse,* 65 Wn.2d 510, 512, 397 P.2d 1018 (1965); *State v. Reynolds,* 51 Wn.2d 830, 322 P.2d 356 (1958).

It is contended that the trial court abused its discretion by raising the question, out of the presence of the jury, as to whether venue had been adequately established. In consequence of this suggestion, the state recalled a witness to testify that Second Avenue in Seattle (where the stabbing occurred) was also in King County, Washington. Defense counsel was, to use the parlance, "lying in the weeds," ready, he avers, in the event of an adverse verdict to raise the question that venue had not been established. He felt himself aggrieved and his client prejudiced by the suggestion made by the trial court, which had resulted in venue being established beyond the peradventure of a doubt by getting "King County" into the record.

■ There was no prejudice to the defendant because the testimony that the stabbing occurred on Second Avenue in Seattle was sufficient to establish venue.[1] *State v. Hardamon,* 29 Wn.2d 182, 188, 186 P.2d 634 (1947); see, *State v. Smith,* 65 Wn.2d 372, 397 P.2d 416 (1964), and cases cited.

■ The colloquy and suggestion, out of the presence of the jury, could have had no conceivable effect upon the verdict; that it might (if venue had not already been established) have interfered with defense counsel's intended coup, in no way denied due process or a fair trial to the defendant. As we have said:

> It seems fairly obvious that the ultimate in a criminal trial should be the ascertainment of the truth; . . . it should not be a matter of luck or perhaps misadventure

---

[1]Nevertheless, careful prosecutors will be explicit in their proof of venue. A philosopher has said: "A word to the wise is sufficient."

of one of the contestants during the course of a trial; . . . . *State v. Stacy*, 43 Wn.2d 358, 367, 261 P.2d 400 (1953).

The judgment appealed from is affirmed.

