STATE OF IOWA, Appellee, v. EDWARD CANDLER, Appellant.

**INCEST:** Evidence—Incestuous Disposition. When the State elects, in
1    a prosecution for incest, to rely for conviction on a certain trans-
    action, testimony which tends to show acts of sexual intercourse
    between the parties subsequent to said transaction is properly left
    in the record for its bearing on the claimed incestuous disposition
    of the accused. (See Book of Anno., Vols. I, II, Sec. 13897.)

**EVIDENCE:** Opinion Evidence—Operation by Means of Catheter.
2    Whether a catheter could, against the resistance of a woman, be
    inserted into her uterus by an unskilled layman, and thereby pro-
    duce a miscarriage, or whether an operation could be performed on
    a woman by the use of a catheter, without a speculum and light to
    guide the operator, are not subjects of expert testimony.

    EVANS, DE GRAFF, and ALBERT, JJ., dissent.

**EVIDENCE:** Opinion Evidence — Conclusions — Necessity to Guard
3    Against Infection. A physician may not testify to his conclusion
    that, in all cases of miscarriage, it is necessary to take precautions
    to prevent infection.

**INCEST:** Evidence—Sufficiency. An element of improbability in the
4    testimony of a prosecutrix in a prosecution for incest will not
    necessarily justify the court in ruling that the testimony is *per se*
    insufficient to support a verdict of guilty.

**CRIMINAL LAW:** Trial—Continuance—Insufficient Showing. A motion
5    for a continuance because of the absence of witnesses, with an
    affidavit in support thereof, is properly overruled when they fail
    to set forth the *facts* to which such witnesses will testify.

**CRIMINAL LAW:** Accomplices — Incest — Instructions. Principle re-
6    affirmed that a prosecutrix in a prosecution for incest is not an
    accomplice if she did not voluntarily submit to the acts of sexual
    intercourse.

Headnote 1: 16 C. J. p. 602. Headnote 2: 16 C. J. p. 748. Head-
note 4: 31 C. J. p. 389. Headnote 5: 16 C. J. p. 501. Headnote 6:
16 C. J. p. 681.

Headnote 1: 14 R. C. L. 38. Headnote 5: 6 R. C. L. 566.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

JANUARY 10, 1928.

The defendant was convicted of the crime of incest committed with his daughter Josie, and from the judgment entered against him appeals.—*Affirmed.*

*Johnson, Donnelly & Lynch* and *Carl F. Jordan,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Walter J. Barngrover,* for appellee.

STEVENS, C. J.—I. Numerous acts of sexual intercourse by the defendant with his daughter Josie were alleged, commencing December 22, 1923, on her eighteenth birthday, and continuing until she left home in June, 1926. The causing of several miscarriages and the use of an instrument for that purpose were also detailed by the witness.

The defendant, who took the stand in his own behalf, denied all of the accusations made against him by his daughter. Josie testified that she never voluntarily had sexual intercourse with the defendant, or permitted him to use the catheter or other instrument to produce a miscarriage with her consent, or without resistance on her part. The relationship charged by the State began shortly after the death of Josie's mother. She was the eldest of seven children, and remained at home to assist in the housework and in the care of the younger members of the family.

The only testimony as to the alleged acts of intercourse was that given by Josie. So far as the record shows, no one ever saw any conduct on the part of the defendant or his daughter, prior to her leaving home, to indicate that criminal relations existed between them.

The defendant, at the conclusion of the State's case, moved the court to require the State to elect upon which of the several acts of intercourse shown by the testimony it would rely for conviction. The county attorney elected to stand on the act of December 22, 1923. Thereupon, the defendant moved the court to strike from the record all of the testimony of subsequent acts, and also the testimony relating to the alleged miscarriages. This motion was overruled, and of this ruling the defendant complains.

1. INCEST: evidence: incestuous disposition.

The testimony on the subject of the miscarriages was received without objection. The motion as to acts of sexual inter-

course occurring subsequent to December 22, 1923, was also properly overruled. Acts subsequent to the date relied upon by the State for conviction are admissible, as tending to establish the disposition of the defendant toward his daughter. *State v. Terry*, 199 Iowa 1221.

II.   One of the contentions of the defendant upon the trial was that a layman, unskilled in the use of such instruments, could not possibly have inserted a catheter in the uterus of the prosecutrix if resistance was made thereto.   A

2. EVIDENCE: opinion evidence: operation by means of catheter.

physician was called, and a hypothetical question, based upon the evidence detailed, submitted to him, and he was asked to state whether a catheter could be inserted by a layman, unskilled in such matters, under the circumstances, and a miscarriage be produced.   The objection of the State that the question did not call for expert testimony, and that it called for the conclusion of the witness, was sustained by the court.   No doubt, the witness would have been permitted to describe the organs of the female body and their location, and from such description the jury could have determined, as well as anyone else, whether the act could have been accomplished in the manner and under the circumstances claimed.   The theory upon which the testimony of expert witnesses is admissible in any case is that the subject-matter of the particular inquiry is so peculiarly within the range of scientific knowledge or special training that to exclude it would work a denial of the only proof competent to establish the fact.   *State v. Hessenius*, 165 Iowa 415; *Vohs v. Shorthill & Co.*, 130 Iowa 538; *Brier v. Chicago, R. I. & P. R. Co.*, 183 Iowa 1212; *State v. Donovan*, 128 Iowa 44; *Belair v. C. & N. W. R. Co.*, 43 Iowa 662; *Muldowney v. Illinois Cent. R. Co.*, 36 Iowa 462; *Hammer v. Janowitz*, 131 Iowa 20.   The subject-matter of the inquiry was not the subject of expert testimony.

The same witness was also asked to state whether an operation could be performed on a woman by use of a catheter without a speculum and light to guide the operator.   The witness was not permitted to answer the question.   The question clearly called for the conclusion of the witness.   Testimony had been introduced to the effect that repeated miscarriages were committed by the defendant on his daughter in the manner stated, and without the use of a speculum or light.   Whether this could

or could not be done was a question of fact for the jury; and a witness could not, although a physician, and presumptively familiar with the scientific methods of producing miscarriages when same are necessary, to protect the life of a patient, be permitted to state, as a conclusion, that it could not be accomplished in the manner indicated by the previous testimony. The court properly ruled upon the objections to the foregoing testimony.

The defendant also sought to show by the conclusion of the doctor that, in all cases where a miscarriage takes place, it is necessary to take precautions to prevent infection. The witness was not permitted to answer. Josie had testified to the effect upon her of a number of the alleged miscarriages which she alleged were produced by her father, and testified that she had never used anything to prevent infection, and had never been infected. Naturally, a physician, when compelled to operate upon a pregnant woman and to produce a miscarriage, would guard against every possibility of infection. The witness was not asked to state whether infection was likely to result, but only as to whether it was necessary to take precaution against the same. The objection was properly sustained.

3. EVIDENCE: opinion evidence: conclusions: necessity to guard against infection.

The defendant and his son Harlan both answered questions with reference to an occasion when it was claimed that Josie was lying on the bed with a young man. They were not, however, permitted to detail what further they saw, or what occurred. The testimony on behalf of the defendant tended to show that Josie was more or less willful, and inclined to run around with young men. Indeed, one of defendant's claims is that she left home, and has manufactured the charges now made against him because he would not permit her to go out without a chaperon, or to run around with young men. The defendant testified that Josie has from childhood practiced self-abuse, and that he sought by the aid of medicine and other means to cure her of this habit. The testimony excluded could not have aided the jury to determine the guilt or innocence of the defendant. It related to a wholly collateral matter, and tended not at all to impeach her testimony upon a material matter. The ruling of the court was proper.

III. At the conclusion of all the testimony, the defendant moved for a directed verdict, upon the grounds that the testi-

mony of the prosecuting witness was of such an improbable character that it was unworthy of belief, and wholly insufficient to sustain a conviction. The testimony of this witness as to the use of the catheter by the defendant to produce a miscarriage in the manner described by her has the appearance of exaggeration. Indeed, it would seem almost, if not quite, impossible for the act to have been accomplished against Josie's determined resistance. The credibility of the witnesses, the reasonableness or unreasonableness of their testimony, were for the jury to pass upon. The acts may all have been accomplished as claimed by the witness, but with much less resistance than the testimony tends to show. On this point the witness is evidently in error; but this alone would not justify the court in holding, as a matter of law, that she was unworthy of belief as to all other matters concerning which she testified.

*4. INCEST: evidence: sufficiency.*

IV. Before the commencement of the trial, the defendant moved for a continuance thereof until a later date, upon the ground that he was unprepared for trial, and that his mother had suddenly become ill of pneumonia; that she was a material witness for him; and that he could not then procure her testimony. The reason assigned by the defendant for not being prepared for trial was that he had relied upon a settlement of the case in accordance with overtures made to him by the State. The motion was overruled. We are convinced that, so far as the preparation of the defense and the trial of the cause by counsel are concerned, there was no prejudice. The affidavit of the defendant as to what he expected to prove by his mother is stated in the form of conclusions, and related to matters, in part at least, that would not have been admissible in evidence. The State could not have admitted the conclusions in the form stated and gone to trial, if the motion had been sustained. Neither the motion nor the affidavit set out the facts to which the witness would testify. In passing upon motions for a continuance, the court exercises a large discretion, and, unless this is abused, will not be interfered with. *State v. Sterman*, 199 Iowa 569, 572; *State v. Hillman*, 200 Iowa 320; *State v. Peacock*, 201 Iowa 462.

*5. CRIMINAL LAW: trial: continuance: insufficient showing.*

A motion for a new trial, based largely upon newly discovered evidence, was also overruled by the court. We shall not

set out the contents of the affidavits filed. They related to matters previously known to the defendant, or are of such a trivial nature that they could not, even if admissible, possibly produce a different result. Newly discovered evidence is not one of the grounds for a new trial in criminal cases, although a new trial may be granted on that ground in a proper case. *State v. Pell*, 140 Iowa 655. We think no abuse of discretion is shown.

V. The court in Instruction 3 referred to circumstantial evidence, and defined essentials for a conviction thereon. The exception urged to this instruction is that there was no question of circumstantial evidence in the case. Whether the instruction should have been given or not, it could not have been prejudicial to the defendant.

VI. On the subject of an accomplice, the court instructed the jury that the defendant could not be convicted upon the testimony of his daughter alone, unless it was shown by the evidence that she did not voluntarily submit to the act of sexual intercourse, and that she was not an accomplice. The instruction is apparently clear, and the rule stated is correct. *State v. Goodsell*, 138 Iowa 504; *State v. Kouhns*, 103 Iowa 720.

6. CRIMINAL LAW: accomplices: incest: instructions.

Other rulings complained of are, we think, without merit, and need not be discussed. The guilt or innocence of the accused could only be determined by the jury, which is, in all cases, the judge of the credibility of the witnesses. The crime charged is revolting, and, aside from the prejudice that might result from the nature thereof, we think the defendant had a fair trial. —*Affirmed*.

FAVILLE, MORLING, KINDIG, and WAGNER, JJ., concur.

EVANS, J. (dissenting). I think the court erred in the exclusion of expert opinion.

DE GRAFF and ALBERT, JJ., join in this dissent.