STATE OF IOWA, appellee, v. JOSEPH ALPHONSE SIEREN, appellant.

No. 50242.

October 17, 1961.

Alfred M. From and John L. Sloane, both of Des Moines, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Harry Perkins, County Attorney, Polk County, for appellee.

PETERSON, J.—On June 10, 1960, the Grand Jury of Polk County returned an indictment against defendant, accusing him of operating a motor vehicle while intoxicated, as defined in section 321.281, Code of Iowa, 1958. Defendant pleaded not guilty. The case was tried to a jury. On December 8, 1960, defendant was found guilty as charged. He was sentenced to pay a fine of $500 or be committed to the Polk County jail for a period of ninety days. Defendant has appealed.

I. Appellant listed four propositions for reversal, but they are largely duplicates as to the questions involved. The alleged errors may be summarized as follows: 1. The trial court erred in failing to enter an order forcing a witness to appear and testify. 2. The court erred in failing to grant defendant a continuance.

The case was set for trial on September 8, 1960. Defendant caused a subpoena to be served on September 3, 1960, on Ethel Marie Thompson, who either owned or had charge of a tavern where defendant was present during all of the evening prior to his arrest.

After the subpoena was served a report was made to defendant's attorneys that the witness was not going to appear

in court at the trial. On September 7 defendant's counsel filed what was called a "Motion for Order to Enforce Attendance." According to statements made in open court by defendant's counsel, the witness had left the State of Iowa.

█ Appellant is correct in alleging that defendant was entitled to an order forcing the witness to appear if the witness could be found. Section 10 of Article I of the Constitution of Iowa provides with reference to persons accused: "To have compulsory process for his witnesses."

█ The motion alleged that process for such witness could be issued under section 781.16 of the Code, but said section only applies to the witnesses of the prosecution. If the witness was in the State of Iowa the court would have a right under the constitutional provision to enter an order requiring the witness to appear or the witness would be in contempt of court. However, in the course of the colloquy between the court and defendant's counsel in open court, counsel stated with reference to the witness: "To the best of my knowledge and with all the diligent search we have made, she has left the State of Iowa." The court stated that its only power to enforce attendance by a witness was under section 781.16. This is not material, however, because if the witness had left the State of Iowa, as counsel stated, the court had no jurisdiction over her and was justified in overruling the motion, which it did. State v. Wiltsey, 103 Iowa 54, 72 N.W. 415; State v. Yetzer, 97 Iowa 423, 66 N.W. 737; 97 C. J. S., Witnesses, section 10. Under such circumstances the ruling of the court was not reversible error.

II. After defendant's counsel discovered that the witness, Ethel Marie Thompson, would not appear they filed a motion for continuance. The statutory provision with reference to the filing of such a motion in a criminal case appears in section 780.2. It provides that the procedure with reference to continuance in criminal actions shall be the same as in civil actions. Rule 183(b) R. C. P. provides:

"All such motions based on absence of evidence must be supported by affidavit of the party, his agent or attorney, and must show: (1) The name and residence of the absent witness, or, if unknown, that affiant has used diligence to ascertain them;

(2) what efforts, constituting due diligence, have been made to obtain such witness or his testimony, and facts showing reasonable grounds to believe the testimony *will be procured by the next term; (3) what particular facts,* distinct from legal conclusions, *affiant believes the witness will prove,* and that *he believes them to be true* and *knows of no other witness by whom they can be fully proved.* If the court finds such motion sufficient, the adverse party may avoid the continuance by admitting that the witness if present, would testify to the facts therein stated, as the evidence of such witness." (Emphasis ours.)

 Defendant's unverified motion did not comply with the statutory provisions. If there had been a compliance it is possible the State might have admitted the testimony of the witness. Not being in compliance the trial court had no other recourse than to overrule the motion.

 The question is whether or not in making such ruling the trial court abused its discretion. Such discretion as to continuance on the part of the trial court is very broad. Muller v. DeVries, 193 Iowa 1337, 188 N.W. 885; State v. Candler, 204 Iowa 1355, 217 N.W. 233; State v. Meeks, 245 Iowa 1231, 65 N.W.2d 76.

We hold that, in view of the deficiency in the motion for continuance and under all of the circumstances of the case, the trial court did not abuse its discretion in denying a continuance.

The case is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.