[No. 37335. Department Two. January 14, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM F. JESSE, *Appellant*.*

*Reported in 397 P. (2d) 1018.

■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■ ■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■

*Ronald E. Thompson,* for appellant.

*John G. McCutcheon* and *James M. Healy, Jr.,* for respondent.

FINLEY, J.—The appellant has been convicted on three counts of first degree forgery. Several alleged trial errors are presented for review on appeal in this court.

■■■■ The appellant's primary assignment of error is that the trial court erred in refusing to dismiss the information against him on the ground that he had been held in jail without a trial beyond the period permitted by RCW 10-.46.010.

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

The information was filed against appellant on June 20, 1963, and a demand for a speedy trial was filed by appellant on June 21, 1963. On August 28, 1963, the defendant moved for dismissal of the information and this motion was denied. The case was set for jury trial and was heard on September 16, 1963, the earliest available date for a jury trial. The superior court denied the motion to dismiss on the grounds that the Pierce County Superior Court does not attempt to maintain jury panels and jury trial calendars during July and August for obvious reasons. This necessary practice has consistently been held to be "good cause" for delaying a trial under RCW 10.46.010. *State v. Jenkins,* 19 Wn. (2d) 181, 185, 142 P. (2d) 263 (1943); *State v. Vukich,* 158 Wash. 362, 364, 290 Pac. 992 (1930). We see no reason

to depart from this view in this case as no prejudice has been shown.

■ The appellant lists four other assignment of errors. The basis of these was never presented to the trial judge at trial or in a motion for a new trial. Present counsel was appointed for this appeal, and he argues that these errors should be considered now as the trial counsel withdrew from the case without making timely motion for a new trial which would have presented the errors to the trial court. Since the errors are merely concerned with evidentiary problems of little merit, we do not feel compelled to depart from our long standing rule of judicial administration that this court will not consider allegations of error which were not presented to the trial judge at trial or in a motion for a new trial. *State v. Davis*, 41 Wn. (2d) 535, 250 P. (2d) 548 (1952).

■ The appellant's final assignment of error is that the trial court erred in denying his motion to dismiss for insufficient evidence to establish the guilt of the appellant beyond a reasonable doubt. This motion, which was made at the completion of the state's case, admitted the truth of the state's evidence and all the inferences that reasonably could be drawn from such evidence for the purposes of the motion. *State v. Reynolds*, 51 Wn. (2d) 830, 833, 322 P. (2d) 356 (1958). Viewing the evidence in this light, we cannot agree that the trial judge committed error when he permitted this case to go to the jury. Without belaboring this opinion with an extensive development of the facts, suffice it to say that the state clearly showed that the defendant opened a bank account with two checks that were made out to him by the woman with whom he was living, and that she forged the signature of the purported maker. This evidence covered the first two counts. The state also showed that the defendant wrote a check to himself under an assumed name on the account created with the forged checks from his lady associate. This evidence related to and supported the third count.

As we find no error, the conviction is affirmed.

Donworth, Weaver, and Ott, JJ., and Shorett, J. Pro Tem., concur.

---

March 10, 1965. Petition for rehearing denied.