STATE of Iowa, Appellee,

v.

Charles Edward ALLNUTT, Appellant.

No. 52056.

Supreme Court of Iowa.

Feb. 6, 1968.

---

Margaret L. Beckley and L. M. Hullinger, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and William G. Faches, Linn County Atty., Cedar Rapids, for appellee.

MASON, Justice.

January 19, 1965, defendant Charles Edward Allnutt was charged by county attorney's information with assault with intent to inflict great bodily injury contrary to section 694.6, Codes, 1962, 1966. At arraignment January 20 he entered a plea of not guilty and demanded a speedy trial. Trial to a Linn County jury which commenced July 26 resulted in a verdict of guilty. Defendant's motion for new trial was overruled and on September 30 he was sentenced to imprisonment in the state penitentiary at Fort Madison not to exceed one year.

I. From this final judgment defendant appeals assigning as errors the trial court's failure to sustain (1) his motion to dismiss, (2) his motion for directed verdict made at the close of the State's evidence and renewed at the close of all evidence and (3) his motion for new trial. All included the motion to dismiss by reference and constitute his sole contention that the conviction cannot stand because the State failed to give him a speedy trial as required under Code section 795.2 which then provided:

"Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable or within sixty days, whichever first occurs, after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

Of course, defendant was not brought to trial within 60 days from the filing of the county attorney's information.

Saturday, July 24 defendant filed his motion to dismiss the information asserting as a ground failure to afford him a speedy trial as required by Code section 795.2, supra. Copy of the motion was delivered to the county attorney 8:30 a. m. July 26, approximately 30 minutes before trial was

to commence. After argument the motion was overruled and the matter proceeded to trial.

The present case results from a factual situation which gave rise to two criminal charges being filed against this defendant: the assault case which we now have under consideration and a charge of breaking and entering with intent to commit larceny contrary to Code section 708.10, for which defendant was previously convicted following jury trial.

During the early morning of January 14 defendant and another man, attempting to break into the Hide-A-Way Tavern in Cedar Rapids, were apprehended by detective Raymond E. Baker. The detective drew his gun, ordered the men not to move and radioed for assistance. Defendant armed with a crowbar advanced toward detective Baker despite an order to stop. Defying a second command to stop defendant struck the officer and knocked him to the ground. As he fell, detective Baker fired one shot which struck defendant in the chest.

II. Defendant previously appealed after conviction on the breaking and entering charge referred to and the case was affirmed in State v. Allnutt, Iowa, 156 N.W. 2d 266, filed February 6, 1968. A more detailed narration of the facts is included in that opinion. They will not be repeated here.

In that appeal defendant made the same contention under his first assignment of error as he makes in the assignments here, that he was not afforded a speedy trial. There defendant's motion to dismiss was first made after trial, and his appeal presented as the precise issue the question, "May a defendant postpone his motion under section 795.2, Code of Iowa, until after trial and then secure a dismissal of the offense for which he has been convicted?"

Here the motion was submitted for the first time immediately prior to the com-mencement of trial. In our opinion this fact does not constitute a vital distinction.

Washington has a statute similar to our section 795.2 which requires defendants be brought to trial within 60 days after indictment, RCW 10.46.010. In State v. Keller (1965), 65 Wash.2d 907, 400 P.2d 370, 371, defendant was tried 68 days after the information was filed. The morning of trial defendant moved to dismiss upon the ground that the State had failed to bring the case on for trial within 60 days as required by statute. In rejecting this contention the court said, "When trial has begun, or is about to take place, it is then too late to move for dismissal" (Citing cases).

In an earlier Washington case, State v. Alexander (1911), 65 Wash. 488, 118 P. 645, 646, defendant, brought to trial more than 60 days after the information was filed, made a motion for dismissal under the statute after trial had actually begun. In rejecting defendant's contention on appeal that the court erred in denying his motion to dismiss the action before any evidence was offered, the court said:

"After the trial has begun, or when it is about to take place, it is too late for the defendant to move for a dismissal. The statute provides a remedy for the defendant when the prosecutor without cause does not bring the case to trial. It was not intended as a means to escape or method of delay when the trial is at hand. If the motion had been made prior to the time of trial, the court for good cause shown would refuse a dismissal. When the trial is at hand, the defendant will be held to have waived his right under the statute. There was therefore no error in the refusal of the court to dismiss the action when it was on trial." Cited with approval in State v. Thomas, 1 Wash.2d 298, 95 P.2d 1036, 1037. Tending to support our position see Svehla v. State, 168 Neb. 553, 96 N.W.2d 649, 659; People v. Contrerai, 172 Cal.App.2d 369, 341 P.2d 849, 851; State v. Fogg, 79 S.D. 576, 115 N.W.2d 889, 894; and State v. Shaw, 69 Idaho 365, 207 P.2d 540, 543–544.

III. This appeal is governed by Division I of our opinion in State v. Allnutt, No. 52063, supra. For the reasons stated therein and based upon the authorities cited, we hold defendant has waived his right to a speedy trial.

The judgment of the trial court is

Affirmed.

All Justices concur.