**STATE of Iowa, Appellee,**

v.

**James Eugene McNEAL, Appellant.**

**No. 52782.**

Supreme Court of Iowa.

April 9, 1968.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

SNELL, Justice.

Defendant, James Eugene McNeal, was charged, pleaded not guilty, tried before a judge and jury and convicted of robbery with aggravation as defined in sections 711.1 and 711.2, Code of Iowa. From judgment of imprisonment based thereon he has appealed.

Defendant, testifying in his own behalf, denied participation in the robbery and said he was in Kansas City at the time thereof. Otherwise there was no conflict in the testimony.

A brief summary of the state's evidence will suffice.

In the late afternoon of September 27, 1966 Salstrom's Jewelry Store in Des Moines was robbed by three men, one of whom was armed. Money was taken from the safe and jewelry taken from the display counter. Four people, other than the robbers, were in the store at the time, Mr. Salstrom, the owner, two employees and a customer. All four testified at defendant's trial and three positively identified defendant. Mr. Salstrom, the owner, was in the back of the store, held at gunpoint by one of the other robbers and did not see defendant.

Defendant first entered the store. Patty Nielson, an employee, went to the front of the store to wait on him. Defendant said he wanted to look at a diamond ring for his wife. At about the same time two more men entered the store. One forced Mr. Salstrom at gunpoint to open the safe and give all the money to the third partner in the robbery. Defendant told Patty Nielson to fill two sacks with watches and rings. The other employee, the watchmaker, was forced to go to the front of the store with the customer and pretend to be showing gifts.

After the loot was collected by the robbers the victims were tied up in the back room and the robbers left. Patty Nielson worked herself loose and untied the others.

Two or three days after the robbery Patty Nielson was shown a photograph obtained from Kansas City and identified defendant as one of the robbers. A warrant was issued but defendant was not apprehended until January 4, 1967 when he was found in Des Moines while returning (as he said) from a visit in Minneapolis.

After preliminary proceedings in municipal court an information was filed in district court. Counsel was appointed and defendant pleaded not guilty.

On March 17, 1967 the defendant filed a motion for a continuance stating that on the day of the robbery he was not in the State of Iowa, and that he intended to prove his absence from the State by three alibi witnesses who live in Kansas City, Missouri. In the original motion, the defendant identified his wife as one of the witnesses and said that she was suffering complications following a child birth, but did not name the other two. The motion was granted and trial was continued until April 5, 1967.

Section 777.18, Code of Iowa, 1966, provides for notice if a defendant intends to

rely on an alibi at the trial. The notice must set forth the names of the witnesses, their addresses, and occupations and a statement of what the defendant intends to prove. On March 31, 1967 the defendant filed such a notice naming his wife, his mother and brother as alibi witnesses for him.

On April 5, 1967 the defendant appeared with a request that the motion for continuance be renewed "for all the reasons contained in his original motion and additional reason that there has been no material change in the physical condition of his wife * * * who is his principal alibi witness * * *." The second continuance was granted.

On April 13 a third continuance was requested by the defendant who stated that his wife, mother and brother, who were his alibi witnesses, still would not be able to attend the trial. The third request for continuance was denied and trial was set for April 19, 1967.

We quote from the transcript of the evidence at the hearing for the third continuance.

"THE COURT: In the case of the State of Iowa versus James Eugene McNeal, Criminal Number 53647; this matter comes on for continued hearing on the renewed motion of Motion for Continuance from April 5th, 1967, at which time the hearing was continued until this date.

"At the time of the continuance it was the understanding of the Court that the defendant would produce some medical testimony or affidavits or documents relating to the condition of the witnesses whom he proposes to call in this case.

"Mr. Morris, are you prepared to go forward with that evidence?

"MR. MORRIS: Your Honor, it is my understanding that no evidence as such has been produced. I would, however, like to call the defendant to recite this under oath.

I have received none; let me put it that way."

Defendant was sworn.

Direct Examination

"BY MR. MORRIS:

"Q. Will you state your name? A. James Eugene McNeal.

"Q. You are the defendant in an indictment returned by the Polk County Grand Jury charging you with Robbery with Aggravation? A. Yes.

"Q. And you are the James Eugene McNeal who was before this court on the 5th day of April, 1967, on a renewed Motion for Continuance of trial? A. Yes.

"Q. Now, Mr. McNeal, at that time I believe you testified that you had served alibi notice in which you claim that your mother, wife and brother would appear as alibi witnesses in your behalf, is this correct? A. That's correct.

"Q. At that time you also produced some written evidence and your testimony that your wife had recently been delivered of a child, that she had, had complications following delivery and was not able to travel and be here for trial, is that correct? A. That's correct.

"Q. You further testified I believe that your mother suffered from a cancerous condition which at this time made it impossible for her to travel? A. That's correct.

"Q. And that your brother had suffered some type of injury, a violent injury in the nature of shooting, I believe, is this correct? A. April first.

"Q. Now, tell the Court whether or not since this last hearing you have received from Kansas City any written evidence pertaining to the physical condition of either of these three persons? A. At the present I haven't, for the simple reason, mother, she's been upset and ripping and running back and forth to the hospital because my brother, they don't now if he's going to live or

not because he got shot April first and he had a severe cut and it busted all his intestines, so she's been running back and forth to the hospital.

"Q. Have you been in contact with your wife? A. Mother said she talked to her Monday; suppose to have the reports this week. That's the reason mother's been upset and ripping and running back and forth to the hospital.

"MR. MORRIS: I have nothing further.

"* * *

"THE COURT: At the hearing on the renewed Motion for Continuance on April 5th the Court indicated to the defendant that some medical evidence in the way of an affidavit or letter or some other communication from medical personnel would be required if the Motion for Continuance was to be granted. The evidence has not been produced.

"Therefore the defendant's renewal of Motion for a Continuance filed April 5th, 1967 is overruled."

The trial was short. Five witr :sses testified for the prosecution, four of whom were victims, and three of whom definitely identified James Eugene McNeal as one of the three men who robbed the jewelry store. The fifth witness was a police detective. The defense presented only James McNeal as a witness to testify in his own behalf, saying that he was in Kansas City all day on the day of the robbery and that three people, his wife, his mother and his brother, could testify for him, except that all three were in the hospital or under the care of a doctor and not able to attend the trial.

Defendant's present counsel on appeal did not try the case in district court.

■ Defendant argues that the trial court erred and abused its discretion in denying the third requested continuance in that it denied appellant substantial justice and effectively eliminated his affirmative defense of alibi.

We do not agree.

In his first motion for continuance defendant stated his wife had recently delivered a child, but complications followed and she was not able to travel to Des Moines. Continuance was granted. At the second hearing the court asked for supporting medical testimony, affidavits or documents. On April 13 when the defendant requested a third continuance it was denied because nothing in support thereof had been produced.

Defendant claimed his mother was "suffering from a cancerous condition" which made it impossible to travel. During the trial the defendant said that his mother, Dorothy, "is in the hospital. That is definite." In the notice of alibi defense it is stated that the mother is a nurse's aid. In his testimony the defendant said his mother works at "Luke's Hospital." Quaere: Is she in the hospital to work or is she there for a "cancerous condition?" It should also be noted that at the time of trial his mother was "ripping and running back and forth" when defendant's brother was supposedly hospitalized because of wounds he suffered in some kind of violent affray, that happened about the time defendant was seeking continuances. The mother's cancerous condition did not hinder her from "ripping and running back and forth" but we are asked to hold that it kept her from coming to Des Moines to be an alibi witness.

The third person who was to serve as an alibi witness was the brother of the defendant. But on April 1, 1967 the brother was injured either in a shooting or a knifing in Kansas City. In his first motion for a continuance defendant indicated there were two other witnesses other than his wife who were to be alibi witnesses. This was March 17. On March 31 the defendant filed his notice of alibi defense and revealed that the mother and brother were the other two witnesses. But in the record of the proceeding following the third motion for a continuance it appears the brother did not suffer his violent shooting or knifing injury until April 1, which was after the first motion for continuance.

Sufficient medical documents as to the wife's condition were never presented to the court. The mother could not travel to Des Moines because of her cancerous condition, but in Kansas City she was "ripping and running back and forth." The brother apparently suffered a knife or gun wound at the time he is needed at trial.

■ The granting or refusing a motion for continuance rests largely in the sound discretion of the trial court. State v. Myers, 248 Iowa 44, 79 N.W.2d 382; State v. Meeks, 245 Iowa 1231, 65 N.W.2d 76; State v. Mauch, 236 Iowa 217, 17 N.W.2d 536. Such discretion as to continuance on the part of the trial court is very broad. State v. Sieren, 253 Iowa 118, 111 N.W.2d 249.

Section 780.2 of the 1966 Code of Iowa provides:

"Continuances. The provisions of the code of civil procedure relative to the continuances of the trial of civil causes shall apply to the continuance of criminal actions, but no judgment for costs shall be rendered against a defendant on account thereof, except as in this code otherwise provided."

Rule 183, Rules of Civil Procedure, permits a continuance on motion and provides in pertinent part:

"Causes for continuance.

"* * *

"(b) All such motions based on absence of evidence must be supported by affidavit of the party, his agent or attorney, and must show: (1) The name and residence of the absent witness, or, if unknown, that affiant has used diligence to ascertain them; (2) what efforts, constituting due diligence, have been made to obtain such witness or his testimony, and facts showing reasonable grounds to believe the testimony will be procured by the next term; (3) what particular facts, distinct from legal conclusions, affiant believes the witness will prove, and that he believes them to be true and knows of no other witness by whom they can be

fully proved. If the court finds such motion sufficient, the adverse party may avoid the continuance by admitting that the witness if present, would testify to the facts therein stated, as the evidence of such witness."

The record in the case before us fails to show compliance with the rules for a continuance. State v. Sieren, supra, after quoting rule 183(b), Rules of Civil Procedure, states:

"Defendant's unverified motion did not comply with the statutory provisions. If there had been a compliance it is possible the State might have admitted the testimony of the witness. Not being in compliance the trail court had no other recourse than to overrule the motion.

"The question is whether or not in making such ruling the trial court abused its discretion. Such discretion as to continuance on the part of the trial court is very broad." (Citations) loc. cit. 121, 111 N.W.2d loc. cit. 250.

We find no abuse of discretion.

II. Testifying in his own behalf defendant said he was not in Des Moines at the time of the robbery. The record shows that no serious attempt to support this claim was ever made.

The trial court instructed thereon as follows:

"The defendant's defense to the charge against him is that he was not at the scene of the alleged crime and was not in fact in Des Moines, Iowa, on said day and date, and that the State's witnesses who purportedly identified him were, in fact, mistaken in that identification. The testimony of the defendant in this regard is to be considered by you together with all the other evidence in the case, and given such weight as you believe it reasonably entitled to receive."

No burden of any kind was placed on defendant relative to his alibi. The defense never rose to the dignity or responsibility of an affirmative defense. The instruction

was far more favorable to defendant than an instruction that might have been appropriate if alibi witnesses testified.

 Defendant on appeal claims the alibi instruction should have been amplified but in oral argument counsel admitted that had a full alibi instruction been given error would have been claimed.

There was no error in the instruction. It was adequate under the evidence. In the absence of a request for amplification defendant may not now complain. State v. Hardesty, Iowa, 153 N.W.2d 464, 471; State v. Wessling, Iowa, 150 N.W.2d 301, 309; State v. Russell, 245 Iowa 1190, 1205, 66 N.W.2d 35.

III. The record discloses no reversible error.

The case is

Affirmed.

All Justices concur, except RAWLINGS, J., who concurs in result.