[No. 282-2.    Division Two.    April 4, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. BARRY ALLEN
FALTER, *Appellant*.

*Paul M. Boyle*, for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Eugene G. Olson, Chief Criminal Deputy*, and *Joseph D. Mladinov, Special Counsel*, for respondent.

ARMSTRONG, J.—The defendant, Barry Allen Falter, appeals from a conviction of armed robbery.

The appeal focuses upon defendant's claim that failure to afford him a trial within 60 days violated his right to a speedy trial as guaranteed by Const. art. 1, § 22 (amendment 10), the sixth amendment to the United States Con-

stitution, made applicable to the state through the Fourteenth Amendment, and the 60-day rule set forth in RCW 10.46.010.

The circumstances giving rise to this appeal are as follows: The defendant was arrested in Topeka, Kansas on December 21, 1969 and returned to Washington on February 4, 1970 where he was charged with an armed robbery committed in June of 1969. Court-appointed counsel was provided for the defendant on February 5, 1970. The information was filed on March 9, 1970. Defendant was arraigned on March 18, 1970 at which time his trial was originally set for May 13, 1970, following his request that he be tried within 60 days. Five days prior to the original trial date the defendant moved for the appointment of new counsel. The trial judge granted the motion but in so doing, advised the defendant to the effect that appointment of new counsel would very likely result in the rescheduling of the trial. On May 11, 1970 the trial court granted the defendant's newly appointed counsel's request for a continuance necessitated by a conflict in his work schedule. Trial was held on May 25, 1970. The jury found the defendant guilty as charged.

■ RCW 10.46.010 was enacted for the purpose of enforcing the constitutional right to a speedy trial. Although out statute sets a limitation of 60 days as an arbitrary measure to determine a speedy trial, yet whether there has been a speedy trial in a constitutional sense is a matter which depends upon the circumstances of each case. The statute, for all practical purposes, serves little purpose in felony cases since after a dismissal the state may immediately file a new information charging the same or a related offense. Thus, although the statute indicates the idea of the legislature as to what constitutes a speedy trial, it is clear that when the legislature enacted the "60-day" rule, it did not conceive nor contemplate that the limitation so established should become an inflexible yardstick by which the constitutional guarantees to a speedy trial of felony charges would be measured. *State v. Brewer*, 73 Wn.2d 58, 436 P.2d 473 (1968).

■ As pointed out in *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969) in order to establish a denial of the constitutional right to a speedy trial, a defendant must show: (1) a delay of such length alone as to amount to a denial of the right to a speedy trial, (2) prejudice to the defense arising from the delay, (3) a purposeful delay designed by the state to oppress the defendant, or (4) long and undue imprisonment in jail awaiting trial.

■ We find none of these four factors present in the record of the instant case. Measured from the date of the filing of the information to the date of trial (March 9, 1970—May 25, 1970) the delay in the instant case was minimal amounting to little more than 2½ weeks in excess of the 60-day limit. This delay was due in part, if not entirely, to the defendant's request for new counsel some 5 days prior to the original date. In granting his motion defendant was apprised by the trial court that the appointment of new counsel would more than likely result in the rescheduling of the trial. The trial court's forewarning materialized when defense counsel asked for a continuance due to a conflict in his own work schedule. Defendant cannot now claim error due to a delay which he helped create.

We also note that the court in *State v. Christensen, supra,* pointed out that a 6-month delay in *United States v. Beard,* 381 F.2d 325 (6th Cir. 1967) and a 14-month delay in *United States v. Kaufman,* 393 F.2d 172 (7th Cir. 1968) were held not to constitute a denial of the constitutional right to a speedy trial even though the defendants were imprisoned in jail awaiting trial. Clearly, neither the delay in the instant case nor the length of imprisonment in jail awaiting trial amounted to a denial of the right to a speedy trial.

We find no indication of prejudice in the instant case nor is there any indication of a purposeful delay or improper motivation on the part of the state.

The judgment of conviction appealed from is affirmed.

PETRIE, C.J., and PEARSON, J., concur.