Steven W. FOSTER, Appellant,

v.

Lou V. BREWER, Appellee.

No. 55006.

Supreme Court of Iowa.

May 11, 1972.

George E. Wright for Napier, Napier & Wright, Fort Madison, for appellant.

Edward F. O'Brien, County Atty., Sioux City, for appellee.

REYNOLDSON, Justice.

Petitioner appeals from trial court's denial of his petition for writ of habeas corpus filed June 30, 1970. He claims the court erred because he was 1) denied a speedy trial and 2) coerced into pleading guilty. We affirm.

Petitioner was charged September 28, 1969 with the crime of robbery with aggravation. He entered a not guilty plea on December 26, 1969. Thereafter, the case was assigned for trial three times. Each time the State was granted a continuance on the ground it was unable to secure the presence of certain prosecution witnesses for trial. Ultimately on March 20, 1970 petitioner entered a guilty plea to the charge of robbery.

We consider petitioner's allegations of error in reverse order.

I. *Was petitioner coerced into pleading guilty?*

This alleged error is based on the principle that an involuntary or coerced plea will not support a judgment and sentence. Walker v. Brewer, 189 N.W.2d 605 (Iowa 1971).

The elements of a valid guilty plea in Iowa are well settled. The sentencing judge, before accepting such a plea, must first determine it is voluntarily

entered with an understanding of the charge and knowledge of the criminal consequences. He must also ascertain the existence of a factual basis to support the plea. Young v. Brewer, 190 N.W.2d 434 (Iowa 1971); State v. Mehuys, 172 N.W. 2d 131 (Iowa 1969); State v. Sisco, 169 N.W.2d 542 (Iowa 1969). The record discloses there was substantial evidence the sentencing judge made the necessary inquiries and obtained responses satisfying our tests and establishing the plea was voluntarily entered. Trial court found the plea entered (to a lesser offense) was upon advice of competent counsel and was the product of a free and rational choice among alternative courses of action open to petitioner. In this type habeas corpus action trial court's findings of fact are binding if supported by substantial evidence. Evans v. Rosenberger, 181 N.W.2d 152 (Iowa 1970); Janvrin v. Haugh, 171 N.W.2d 275 (Iowa 1969).

We find no evidence of coercion. This assignment of error is without merit.

II. *Was petitioner denied a speedy trial?*

■ Petitioner contends he was not afforded the speedy trial guaranteed him by § 795.2, The Code; article I, section 10, Iowa Constitution; and Amendment 6, United States Constitution. This right was recently considered by this court in State v. Jennings, 195 N.W.2d 351 (Iowa 1972). The last trial date scheduled was March 23, 1970, three days later than petitioner's guilty plea. During all pertinent times he was represented by counsel. We assume, although there is some question in the record, petitioner made oral request for prompt trial. Crucial, however, was his failure to move for dismissal.

We hold the rationale enunciated in State v. Allnutt, 261 Iowa 897 at 901, 905, 156 N.W.2d 266 at 268, 270 (1968), is decisive here:

"It has long been held, both in this state and elsewhere, that a defendant, unless he is neither admitted to bail nor represented by counsel, may waive the constitutional and statutory provisions assuring him a speedy trial. (citing authority)

\* \* \* \* \* \*

"We hold defendant waived his right to a speedy trial under section 795.2 by failing to move for a dismissal until after trial had been completed and a jury verdict returned. There is no rule, constitutional or statutory, which permits a defendant to use this cherished right simply to challenge an adverse verdict."

In *Allnutt*, supra, defendant, represented by counsel, made demand for speedy trial at time of arraignment. Our ruling that defendant waived his right to speedy trial by failing to move to dismiss until after trial surely applies to this petitioner, who *never* made such motion.

The rule of the first Allnutt case, supra, was followed in the second Allnutt case, State v. Allnutt, 261 Iowa 910, 156 N.W.2d 274 (1968) and reconsidered and again invoked in State v. Peterson, 189 N.W.2d 891 (Iowa 1971). In both cases defendant delayed filing motion to dismiss until just before trial commenced. Such delay was held to waive the right to speedy trial. See also State v. Lindloff, 161 N.W.2d 741 (Iowa 1968).

In view of this holding it is unnecessary for us to consider whether the State had good grounds for the delay in failing to try this case within 60 days from the filing of county attorney's information. It is also unnecessary for us to decide whether petitioner's plea of guilty was a waiver of his right to speedy trial, although this issue has been decided against defendants in several jurisdictions. Duncan v. State, 42 Ala.App. 509, 169 So.2d 439 (1964); People v. Hocking, 140 Cal.App.2d 778, 296 P. 2d 59 (1956); Cooper v. State, 196 Kan. 421, 411 P.2d 652 (1966).

We hold petitioner waived his statutory and constitutional rights to a speedy trial.

Affirmed.

All Justices concur, except Mc-CORMICK, J., who takes no part.