**STATE of Iowa, Appellee,**

v.

**Robert Lewis HINES, Appellant.**

**No. 56726.**

Supreme Court of Iowa.

Jan. 22, 1975.

Mike Christensen, Des Moines, and Michael J. Laughlin, Urbandale, for appellant.

Richard C. Turner, Atty. Gen., Dorothy L. Kelley, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Harold Young, Asst. County Atty., for appellee.

REYNOLDSON, Justice.

This appeal presents the issue whether the State's failure to provide sufficient jurors for trial of a criminal case furnishes "good cause" for not trying the defendant within the 60-day limitation mandated by § 795.2, The Code.

April 4, 1973, defendant was arrested for delivery of a controlled substance, a violation of § 204.401(1), The Code.

April 5, 1973, defendant was taken before magistrate, pled not guilty and posted bail.

June 27, 1973, a county attorney's information was filed.

August 21, 1973, State filed motion for continuance.

August 29, 1973, defendant filed resistance based .in part on his § 795.2 speedy trial rights and demanded dismissal of the case. The court granted continuance after hearing.

September 7, 1973, defendant filed motion to dismiss, amended on September 10, based on §§ 795.1 and 795.2, The Code.

September 10, 1973, defendant's motion to dismiss was denied and trial commenced.

September 11, 1973, a verdict of guilty was returned.

September 12, 1973, defendant was sentenced to five years in men's reformatory under § 204.401(1) and the indeterminate sentence law.

I. *Speedy indictment issue.*

■ Defendant claims his motion to dismiss should have been granted because he was not indicted within the 30-day period prescribed by § 795.1, The Code.

Defendant neither had nor waived a preliminary hearing. Therefore under the majority opinions in State v. Morningstar, 207 N.W.2d 772, 775 (Iowa 1973) and State v. Mays, 204 N.W.2d 862, 866 (Iowa 1973) he was never "held to answer." Consequently, the 30-day speedy indictment requirement of § 795.1, The Code, was never triggered. Our holding in the next division makes further discussion of this issue unnecessary.

II. *Speedy trial issue.*

Defendant assigns as error trial court's refusal to sustain his pre-trial motion to dismiss based upon the speedy trial provisions of § 795.2, The Code:

"If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown. * * * "

No one argues § 795.2 is not applicable to the situation before us. The mandatory trial period provided by this statute is activated by county attorney's information as well as by indictment. See § 769.13, The Code; State v. Bledsoe, 200 N.W.2d 529, 530 (Iowa 1972).

It must also be conceded the 60-day trial deadline was breached. As indicated above, county attorney's information against this defendant was filed June 27, 1973. Trial commenced September 10, 1973.

Here the 15-day delay beyond the statutory period resulted from a continuance granted the State over defendant's resistance. The continuance was requested on the 55th day after the information was filed and was granted on the 63rd day because no jurors were "available" to try the case.

This case was initially set for trial August 22, 1973, a date which would have satisfied the § 795.2 requirement. But on August 20, 1973 a court order discharged the jury panel from further service for the term because an insufficient number of jurors were present for the trial of cases.

In Polk county, petit jury panels are drawn "six times annually to serve for the following two months." Section 609.19, The Code. Individual jurors may be discharged from the panel after serving in two or more trials. Id. Although the record is silent, it is possible a sufficient number of jurors had been discharged from service by August 20 to deplete the panel below a required number.

If this was the reason, it readily could have been avoided. Section 609.19 grants a district court judge power to require the drawing of a new panel before expiration of the two-month term. The same statute permits additional jurors to be added to the panel as needed. In addition, additional petit jurors may be ordered drawn for any trial calendar assignment or for the trial of any case under § 609.36, or a new panel may be drawn at any time under § 609.37.

Our consideration must start from the premise defendant had no duty to bring himself to trial. State v. Shockey, 214 N.W.2d 146, 150 (Iowa 1974). Society has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest. State v. Gorham, 206 N.W.2d 908, 911 (Iowa 1973). It is the State's duty to effectuate the statute requiring trial within 60 days, absent good cause. State v. Jennings, 195 N.W.2d 351, 356 (Iowa 1972).

Here the State asserts failure to provide a trial jury is but one facet of "court congestion," and therefore meets the statutory "good cause" exception to the speedy trial requirement of § 795.2, at least where the delay is not long.

Non-chronic "court congestion," arising out of unique, non-recurring events and resulting in only a short delay may constitute "good cause" satisfying the § 795.2 exception. See State v. Jennings, 195 N.W.2d 351, 356 (Iowa 1972); State v. Alvarez, 189 Neb. 281, 202 N.W.2d 604 (1972); ABA Standards, Speedy Trial, Approved Draft § 2.3(b), pp. 27–28. But nowhere do we find persuasive authority indicating a court congestion "good cause" may arise from the State's deliberate election to ignore all of several plain and well-known statutory procedures for providing a jury to try a defendant.

While cases from Washington state are superficially helpful to the prosecution in the case *sub judice*, a closer reading disclos-

es Washington, unlike Iowa, has never elevated its speedy trial statute to an important role or viewed it as a limitation statute. See State v. Nelson, 222 N.W.2d 445 (Iowa 1974). Of major significance in this difference in approach is the fact that in Washington a statutory speedy trial dismissal in a felony case does not bar a subsequent prosecution for the same crime. R.C.W. 10.43.010; see State v. McEvers, 76 Wash.2d 34, 36, 454 P.2d 832, 833 (1969) ("This statute serves little purpose in felony cases since, after a dismissal, the state may immediately file a new information charging the same or a related offense."); State v. Falter, 6 Wash.App. 665, 666, 495 P.2d 694, 695 (1972); compare with State v. Johnson, 217 N.W.2d 609, 612 (Iowa 1974) ("Application of the reprosecution language of section 795.5 to any dismissal under section 795.2 would drain that statutory enactment of its force and effectiveness in protecting the accused's right to a speedy trial.")

The State does not contend an adequate jury panel could not have been readily obtained, on short notice, from Polk county's 286,000 population. Under these circumstances, we are unimpressed that the 60-day limitation was exceeded by only 15 days. A similar *de minimus* approach to a § 795.1 violation of only six days was laid to rest in State v. Nelson, supra:

> "Every limitation statute sets up an arbitrary date after which certain actions cannot be brought or certain rights cannot be enforced. One cannot escape the effect of such statutes by showing they were only violated a little bit. The statute prescribes the only way in which its impact may be avoided—by a showing of good cause."

The same rationale must be applied to a violation of § 795.2, The Code.

■ We hold here, as we held in *Nelson*, supra, there was no basis upon which trial court could find the State had carried its burden to show good cause existed. State v. Bowers, 162 N.W.2d 484, 487 (Iowa 1968).

The consequence must be absolute discharge. State v. Johnson, 217 N.W.2d 609 (Iowa 1974).

III. The State's motion for continuance was filed on a Tuesday, August 21, 1973, the day before trial was scheduled. What happened on the next day, August 22, is not disclosed, but defendant's statement in his resistance to the motion that he was willing and able to try the case on that date stands uncontroverted.

On Friday, August 24, 1973, trial court by written order assigned State's motion for continuance for hearing on August 29, 1973. The clerk's transcript indicates a copy of this order was mailed defense counsel on Monday, August 27. Certainly he should not be faulted for filing his resistance on August 29.

Defendant's resistance plainly raised the speedy trial issue:

> "The fact that the State was remissed [sic] and late in scheduling this trial before the jury should not waive or impair the Defendant's rights for a speedy trial and the Defendant feels that to continue this matter into the next jury term cannot in good faith be justified under the rules set down in *Morningstar*, supra."

The resistance prayed,

> "WHEREFORE, the Defendant respectfully pray [sic] that the State's motion for a continuance to the next jury term be denied and that this case be dismissed to this defendant."

The gist of defendant's position was clear, even though his reliance on State v. Morningstar, supra, as an authority was misplaced.

The State was not confused, for we find in its brief, page 23, the following concession:

> "Although the appellant did assert his right to a speedy trial by resisting the State's Motion for Continuance, no prejudice was alleged or can be found in the Record."

The speedy trial issue was thus squarely presented to and adversely determined by trial court on the 63rd day after the information was filed and 12 days before trial commenced.

Three days before trial, defendant again filed a motion to dismiss. Defense counsel inadvertently omitted the speedy trial issue from the motion, but it clearly was included in the supporting brief filed with the motion in district court the same day:

"[T]herefore, the accused has been deprived of his right to speedy trial not only under chapters [sic] 795.1 and 795.2 of the 1973 Code of Iowa, but also under the Sixth Amendment Rights of the United States Constitution and the Constitution of the State of Iowa and under Barker v. Wingo, 407 U.S. 514 (1972)."

It is true the motion to dismiss was amended on the morning of trial to include the speedy trial ground for dismissal which had been argued in defendant's brief. The State made no objection, nor did it then or on this appeal ever claim defendant waived his speedy trial right by tardy motion to dismiss.

Defendant, commencing on August 29, 1973, has continuously asserted State's failure to furnish jurors could not be good cause for depriving him of his speedy trial right and therefore could not furnish cause for continuance. The battle fought on August 29 was renewed on September 10, 1973.

Validity of trial court's ruling on the continuance is raised in defendant's brief:

"The central question in Division II of this appeal is whether or not the Defendant's trial was continued for 'good cause' by the State which would validate the lower court's ruling with respect to overruling the Defendant's Motion to Dismiss. It is the Defendant-Appellant's contention that there was not good cause shown by the State of Iowa for continuing the Defendant's trial from August to September, 1973, and thus the Defendant's

Motion to Dismiss made prior to his trial, should have been sustained." (Defendant's brief, p. 26.)

The State's brief acknowledges the issue of granting the continuance motion is inextricably involved:

"Appellant states in his brief on appeal, page 26, that the central question of his Division II is whether or not the Defendant's trial was continued for 'good cause.'" (State's brief, p. 19.)

■ The attempt to elevate trial court's ruling on a continuance motion into the status of statutory "good cause" for avoiding the § 795.2 60-day dismissal rule is a subtle attempt to shift or diminish the § 795.2 good cause burden of proof which we have placed squarely on the State. State v. Gorham, supra, 206 N.W.2d at 914–915.

Had the legislature intended that a favorable ruling on State's motion for continuance would per se furnish § 795.2 "good cause" it would have included the State within the other exception to that statute. Instead, it used the language " * * * whose trial has not been postponed upon *his* [defendant's] application * * *." (Emphasis added.) Section 795.2, The Code.

■ In the usual situation a continuance may be allowed in the court's discretion for any cause not growing out of default or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained. Rule 183(a), Rules of Civil Procedure. On review, we will not interfere unless there has been a clear abuse of discretion. Duncan v. Rhomberg, 212 Iowa 389, 397–398, 236 N.W. 638, 642 (1931); Vestal & Willson, 2 Iowa Practice § 34.03, pp. 10–13.

But in the § 795.2 situation the legislature has already mandated that substantial justice requires a defendant be brought to trial within 60 days from the filing of the indictment or information. The discretion of the trial court to avoid dismissal is limit-

ed to the exceptional circumstance where the State carries the burden of showing good cause for delay. This is the circumscribed discretion we review on appeal. See *Nelson*, supra.

In effect, the State attempted to invoke trial court's rule 183(a) discretion and this court's correlative review by the simple expediency of asserting the same ground—failure to provide jurors—on a motion for continuance it would otherwise be required to assert on a § 795.2 motion to dismiss. Then, when faced with the dismissal motion, it blandly contends the prior favorable ruling—not the ground thereof—furnishes the "good cause" exception to the dismissal statute. Instead of carrying its statutory burden, the State asserts defendant was required to show the prior ruling was a "clear abuse of discretion."

■ We hold the State may not thus circumvent the intent of § 795.2 especially where, as here, defendant resisted the continuance motion on speedy trial grounds and simultaneously demanded a dismissal. Trial court was obligated to determine whether the underlying ground of the continuance ruling furnished a "good cause" exception to § 795.2, not whether it would meet the substantial justice standard of rule 183(a), R.C.P. And our review must be similarly limited.

Thus viewed, it is apparent the State could no more avoid its obligation to bring defendant to trial in 60 days by the simple expediency of failing to call jurors than in *Nelson*, supra, 222 N.W.2d at 449, it could "await the production of evidence beyond the statutory period set out in § 795.1 and use that delay as good cause for ignoring that statute."

We reverse and remand to district court with instructions to dismiss the prosecution.

Reversed and remanded with instructions.

MASON, RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ., concur.

MOORE, C. J., and REES and UHLENHOPP, JJ., dissent.

MOORE, Chief Justice (dissenting).

I. I agree with the holding defendant-appellant's first assigned error involving the speedy indictment issue is untenable.

II. I disagree with the holding regarding the second assigned error on the speedy trial issue as stated in division II of the majority opinion. I dissent therefrom on the several grounds stated infra.

On June 27, 1973 a county attorney's information was filed charging defendant with delivery of a controlled substance. His previously posted bail bond was continued in force. On August 20, 1973 Judge Crouch entered an order discharging the jury panel from further service for the July term because an insufficient number of jurors were present for trial of more cases. As pointed out in the majority opinion jurors in Polk District Court may obtain a release from the panel after serving in two or more trials. Apparently the number of trials prior to August 20 had resulted in reducing the jury panel members to an insufficient number for further trials during the last few days of August.

On August 21, 1973 (55 days after the information was filed), the State filed a motion for continuance of the trial date which was set for the next day, August 22. A week later, August 29, defendant filed resistance to the motion on the ground defendant had not been timely charged pursuant to the provisions of Code section 795.1. On the same date, being Wednesday August 29, Judge Missildine sustained the State's motion for continuance and set Monday, September 10, 1973 as trial date. Judicial notice may be taken that September 3 was Labor Day. Therefore the continuance covered only six possible trial days.

Defendant did not in the lower court and he does not on this appeal contend the trial court abused its discretion in granting the short continuance. He has made no attack on that order.

The granting or refusal of a motion for a continuance rests largely in the sound discretion of the trial court. We will not interfere unless there is a clear abuse of discretion. Evans v. Rosenberger, Iowa, 181 N.W.2d 152, 157. In State v. McNeal, 261 Iowa 1387, 1392, 1393, 158 N.W.2d 129, 133, we say:

"The granting or refusing a motion for continuance rests largely in the sound discretion of the trial court. State v. Myers, 248 Iowa 44, 79 N.W.2d 382; State v. Meeks, 245 Iowa 1231, 65 N.W.2d 76; State v. Mauch, 236 Iowa 217, 17 N.W.2d 536. Such discretion as to continuance on the part of the trial court is very broad. State v. Sieren, 253 Iowa 118, 111 N.W.2d 249."

Defendant's second assigned error should be held to be without merit in view of the valid continuance order. Defendant filed no demand for an earlier trial.

III. On Friday, September 7, 1973 defendant filed a motion to dismiss based on the requirement for indictment (which includes county attorney's information) within 30 days after being held to answer. That motion came before the court Monday morning, September 10, the time set for trial. The transcript of the proceedings includes:

"THE COURT: You may proceed on your motion, Mr. Christensen.

"MR. CHRISTENSEN: May it please the Court: Comes now the defendant, Robert Lewis Hines, through his attorney, Mike Christensen, and in support of his motion to dismiss states:

"That the State of Iowa has waived their right to a preliminary hearing in this matter, in violation of 795.1 of the 1973 Code of Iowa, the defendant was not awarded a speedy trial; that the State by failing to bring the defendant to trial after the defendant was held to answer has in fact violated his constitutional rights as well as his rights of protection under the Iowa Constitution.

"I offer the motion to dismiss and the brief in support of my motion to dismiss as my sole and final argument in this matter and I think they set it out much better than I can summarize it at this time.

"THE COURT: It looks to me from reading your motion that you are talking about speedy indictment or speedy information under the Morningstar case rather than speedy trial, is that true?

"MR. CHRISTENSEN: That's correct, Your Honor. I am also stating in my motion that the State as well as the defense can waive their right to a speedy trial and I think if you read the Iowa Code sections applicable in this matter the State has waived their right to a speedy trial in not indicting Mr. Hines within thirty days after he was brought before the magistrate in Municipal Court.

"THE COURT: You are talking about the thirty day period of statute of filing an information or a grand jury indictment rather than bringing him to trial within sixty days, isn't this true?

"MR. CHRISTENSEN: This is correct, Your Honor. In proposition one of my brief that is what I am talking about.

"THE COURT: Isn't this true of your whole motion? I don't see anything about speedy trial. I see something about speedy indictment or speedy information, which is a thirty day rule. I don't see anything about a speedy trial here.

"MR. CHRISTENSEN: Speedy trial, Your Honor, I think is set forth in my second proposition whereby—

"THE COURT: Look at your second proposition. I don't see that in there.

"MR. CHRISTENSEN: It is in my brief.

"THE COURT: It is not in your motion. That's the trouble.

"MR. CHRISTENSEN: Okey, let me amend my motion to dismiss.

"Proposition 2: The defendant hereby asks the Court to dismiss the charges

leveled against Mr. Robert Hines for the reason that he's not been afforded a speedy trial as required under the U. S. Constitution and State vs. Gorham.

"THE COURT: Very well. Does that complete your motion?

"MR. CHRISTENSEN: Yes, Your Honor."

Thus it is clear defendant did not raise the speedy trial issue under the provisions of Code section 795.2 until immediately before his assigned trial commenced. It came too late. A defendant who delays until the day of trial to move for dismissal for want of speedy trial waives his right to dismissal. State v. Peterson, Iowa, 189 N.W.2d 891, 893; State v. Allnutt, 261 Iowa 910, 913, 914, 156 N.W.2d 274, 275, 276 and citations. The trial court did not err in overruling defendant's last minute motion to dismiss the charge against defendant for want of speedy trial.

IV. Code section 795.2 as pertinent here provides:

"If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it be dismissed, unless good cause to the contrary be shown. * * *."

The majority reverses on the "good cause" issue. Although I am convinced discussion thereof is unnecessary, it must be noted that certainly under the record there was "good cause" under the statute.

The determination of whether good cause is established rests largely in the discretion of the trial court. Each case must stand on its own facts. To be entitled to a reversal defendant must show the trial court abused its discretion. State v. Nelson, Iowa, 222 N.W.2d 445, 448; Maher v. Brown, 225 Iowa 341, 343, 344, 280 N.W. 553, 554; Davison v. Garfield, 219 Iowa 1258, 1262, 257 N.W. 432, 434.

In State v. Jennings, Iowa, 195 N.W.2d 351, 356, we say:

"Delay resulting from congestion of a trial docket attributable to exceptional circumstances, and unavailability of prosecutor or trial judge, may constitute good cause for a reasonable trial delay. See ABA Standards, Speedy Trial, Approved Draft, § 2.3(b) (and comment)."

In Dickey v. Florida, 398 U.S. 30, 38, 90 S.Ct. 1564, 26 L.Ed.2d 26, 32, the court states: "Crowded dockets, the lack of judges or lawyers, and other factors no doubt make some delays inevitable."

In Jennings we held good cause was sufficiently shown and refused to set aside defendant's conspiracy conviction at a trial held after expiration of the 60-day statutory period.

We have not heretofore considered an unexpected depletion of the number of available jury panel members apparently resulting from congestion of the trial docket. However, our holding in Jennings would seem to mandate the conclusion good cause was sufficiently shown.

The Supreme Court of Washington has on several occasions upheld finding good cause existed for delay resulting from absence of available jurors or jury panel to try a case within its 60-day limitation statute. See State v. Garman, 76 Wash.2d 637, 458 P.2d 292; State v. Jestes, 75 Wash.2d 47, 448 P.2d 917; State v. Jesse, 65 Wash.2d 510, 397 P.2d 1018.

Another factor which must be considered in our determination of whether the trial court abused its discretion is the fact defendant at no time demanded a speedy trial. A failure to demand speedy trial does not alone toll the running of the time period set in section 795.2. However, it is a factor to be considered with other facts relating to whether there was good cause for delay. State v. Nelson, supra, Iowa, 222 N.W.2d 445, 446, 447; State v. Gorham, Iowa, 206 N.W.2d 908, 912.

A summary of the facts and circumstances on which Judge Missildine exercised his discretion in overruling defendant's mo-

tion to dismiss perhaps may be helpful. A crowded jury trial schedule had depleted the jury panel shortly before the end of the July-August trial session. To have ordered drawing the names of more jurors, getting out summons for their appearance and preparation of an additional jury panel list immediately before or after Labor Day holiday would have resulted in needless expenditure of employee's time and county funds. Summoning witnesses on short notice is difficult. September jury panel was to be available for defendant's trial on September 10. Defendant was not incarcerated. He had made no demand for speedy trial. There was no indication defendant's defense would be prejudiced by a short delay. Defendant first raised the speedy trial issue immediately before his trial commenced.

I find no basis for holding the trial judge abused his discretion in finding good cause and denying the motion to dismiss.

I would affirm.

REES and UHLENHOPP, JJ., join this dissent.