STATE OF IOWA, Appellee, v. JAY CHAPMAN, Appellant.

**CONTINUANCE:** Absence of Witnesses—Cumulative Testimony. Denial of a continuance because of the absence of a witness finds justification in a record demonstrating that, had the testimony been received, it would have been cumulative to other testimony which was received.

**RAPE:** Corroboration—Relation of Parties. On the issue of corroboration, the jury is privileged to consider the relation of the parties, their intimacy, and, of course, other attending and relevant circumstances; but corroboration may not be based solely on mere acquaintanceship and mere opportunity to commit the crime charged.

*Appeal from Keokuk District Court.*—C. A. DEWEY, Judge.

APRIL 1, 1924.

REHEARING DENIED DECEMBER 11, 1924.

INDICTMENT for rape. From the judgment entered on the verdict, defendant appeals.—*Affirmed.*

*Roberts, Webber & Lambert,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *R. J. Shaw,* County Attorney, for appellee.

DE GRAFF, J.—Defendant appeals from his conviction of the crime of rape. Two primary errors are presented and argued:

(1) That defendant's motion for continuance should have been sustained; and (2) that the evidence discloses no corroborating testimony within the purview of Code Section 5488.

In passing, it may be said that the instructions given by the trial court are not subject to legal criticism. Any person of ordinary intelligence could understand the intent and content of the law defined in the instructions and applicable to the record facts. Subsequent to the assignment of the case, and prior to the commencement of the trial, the defendant filed his motion for continuance, on the ground that a material witness, as alleged, "is confined in the hospital in the city of Sigourney, and will not be able to be present in court to be examined as a witness during the present term; that she is confined to the hospital because of some injury to her knee, not considered fatal." The motion was properly overruled. The substance of the evidence, as recited in said motion, was to the effect that the prosecuting witness was a person whose moral character was bad. Several witnesses were called by the defendant during the trial, to prove that the character of the prosecutrix was bad, and evidence was offered tending to prove this fact. No prejudice resulted to the defendant in overruling the motion, as the evidence tendered was simply cumulative. Furthermore, the deposition of the witness could have been taken, and used upon the trial. We do not feel that the defendant made a showing of diligence required in a matter of this character. The evidence had no bearing upon the guilt or innocence of the defendant, but classified as impeachment, with which the record is fairly replete. The motion presented a matter that addressed itself peculiarly to the sound discretion of the court; and unless we may say that the trial court abused that discretion, resulting in an injustice to the mover, there will be no disturbance of the ruling on appeal.

1. CONTINUANCE: absence of witnesses: cumulative testimony.

A more serious question is presented by appellant that the record is void of corroborating testimony. We are agreed that the evidence is sufficient to warrant the court in submitting the case to the jury. The defendant kept company with the prosecuting witness for a period of about 18 months, and was her suitor, taking her

2. RAPE: corroboration: relation of parties.

to entertainments, auto drives, and waited on the prosecutrix as becoming a suitor. During this time, the prosecutrix did not keep company with any other male companion, nor did the defendant share his time with any other girl. A baby was born. This is not corroboration tending to connect the defendant with the crime charged, but is conclusive that sexual intercourse was had with someone within the time in question. Corroboration is not found in any particular fact, and à jury is privileged to consider the relation of the parties, their intimacy, and attending circumstances. Under the record, there is something more than mere acquaintanceship and mere proof of opportunity, which has been repeatedly held insufficient as corroboration.

We discover no substantial reason for disturbing the verdict of the jury, and the judgment entered is—*Affirmed*.

Arthur, C. J., Stevens and Vermilion, JJ., concur.