STATE OF IOWA, Appellee, v. GEORGE HILLMAN, Appellant.

**CRIMINAL LAW:** Trial—Continuance—Unsatisfactory Showing. The
1    refusal to grant a one-day continuance to an accused, to secure witnesses and associate counsel, will not be disturbed on appeal when accused had some eight days' notice as to the time when his case would be reached for trial, and made no showing of diligence in the preparation of his case for trial, and no later showing, in motion for new trial, of any disadvantages suffered because of the ruling of the court.

**INTOXICATING LIQUORS:** Evidence—Other Offenses. On the trial
2    of an indictment for bootlegging, evidence of sales other than the one charged, is admissible on the issue of intent, whether such sales tend to prove the offense of nuisance or the offense of bootlegging.

**INTOXICATING LIQUORS:** Bootlegging—Excessive Sentence. Record
3    reviewed, and held that no reason is made to appear why a sentence of one year in jail and a fine of $500 for bootlegging was excessive.

**Headnote 1:** 16 C. J. pp. 455, 458, 489. **Headnote 2:** 33 C. J. p. 780 (Anno.) **Headnote 3:** 33 C. J. p. 797.

*Appeal from Fayette District Court.*—JAMES D. COONEY, Judge.

JUNE 25, 1925.

DEFENDANT was indicted for the crime of bootlegging. To such indictment he pleaded not guilty. Upon trial had, the jury

returned a verdict of guilty. From judgment entered thereon, he has appealed.—*Affirmed.*

*F. L. McAvinchey* and *J. W. Kintzinger,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

EVANS, J.—I. The indictment was rendered against the defendant on September 11, 1924. He was arraigned on the same day, and appeared by counsel. The court set the case for trial immediately following the civil cases. On September 19th, the case was reached for trial, and called. Thereupon the defendant, through his counsel, asked for a postponement of the trial for one day, in order to enable him to call his witnesses and to call associate counsel. This request was denied, and the case proceeded to immediate trial. Several of the grounds of reversal are predicated upon this ruling by the court.

1. CRIMINAL LAW: trial: continuance: unsatisfactory showing.

The propriety of the ruling was peculiarly within the discretion of the court. In view of the fact that the case had not been assigned for trial upon any fixed date, as provided by Section 3659, Code of 1897, we should have been better satisfied with the record if the postponement had been granted. It appears, however, that, at the time of arraignment, on September 11th, the court advised defendant and his counsel that September 19th would approximate the time when the case would be reached and called for trial. The motion did not purport to show or declare any diligence in the preparation for trial. Nor did it show or declare that the defendant *had* any witnesses which he could not procure on September 19th; nor indeed did it show or declare that he had any witnesses at all. Nor did the motion show or declare that the associate counsel could not be procured in time for the trial. Telephone and automobile were available to him. So far as appears, no use or attempted use of either was made. Assuming that, in the stress of the moment, counsel may have overlooked the defects of his motion, he had a later opportunity, by motion for a new trial, to have made a full showing to the court of the disadvantages he had suffered by

reason of his inability to procure his witnesses or his associate counsel. No such showing was offered.

Nothing appears in the record which would justify us in saying that the trial court abused its discretion in refusing the postponement.

II. The alleged errors which arise legitimately upon the record are very few; though the brief of counsel argues very many. That is to say, the brief goes beyond the record, and discusses many questions which were not presented or considered below, either on objection, exception, or otherwise.

At the close of the State's evidence, the defendant moved for a directed verdict for want of sufficient proof. The principal witness for the State was Winterowd. He testified that, in March preceding the indictment, he and two companions entered a cafe and ordered a meal; that the defendant was present at the same place; that the witness secretly interviewed him, and offered to purchase intoxicating liquor from him; that the defendant thereupon left the cafe, and shortly thereafter returned, and seated himself at the same table with Winterowd and his companions, and there "slipped" the bottle of intoxicating liquor under the table to Winterowd, whereupon Winterowd distributed the liquor to his companions and himself. This evidence was sufficient, as a matter of law, to warrant the overruling of the defendant's motion. Stress is laid by appellant upon the fact that the two companions testified, as witnesses of the State, to the effect that they did not hear the conversation between Winterowd and the defendant, and that they did not see the defendant produce the liquor. They did testify that the defendant left the cafe and returned again; that the liquor was distributed to them after the return of the defendant; that they had no liquor in their possession prior to that time. This evidence was properly corroborative of that of Winterowd. The weight and credibility of it were questions for the jury.

Complaint is made of the admission of the testimony of the witness Read. Its admissibility is challenged as incompetent and irrelevant. Read testified that he bought intoxicating liquor of the defendant at the defendant's tire shop, and that the defendant had the liquor concealed in his tire shop at the time. The argu-

2. INTOXICATING LIQUORS: evidence: other offenses.

ment is that Read's evidence did not prove a case of bootlegging, but only an unlawful sale, and perhaps the maintenance of a nuisance.  If the premise be conceded, this would not render the evidence inadmissible.  In prosecutions either for nuisance or for bootlegging, unlawful sales may be shown as proof of the unlawful intent which characterizes the defendant's possession. The evidence of Read was, therefore, clearly admissible, regardless of the question whether it was sufficient of itself to prove a case of bootlegging.

III.   Complaint is made of the severity of the sentence.  It was that the defendant be committed to the county jail for the period of one year, and pay a fine of $500.  It is argued that the case was not an aggravated one, in that only two sales were shown by the evidence.  Whether an aggravated case was presented, depends upon the point of view.  From the point of view of the defendant, the offense proved against him was quite technical and inconsequential.  His point of view is a part of the aggravation of his offense.  His offense was not the result of inadvertence or of the heat of passion or of sudden temptation.  It was an intentional and deliberate violation of an important and well known criminal statute.  He had prepared himself in advance for its violation.  He suffered no other temptation than a mercenary motive.  His price was $4.00 a quart.  His customers were addicts, who could not stand upon the price.  The courts have tried faithfully to administer this statute without imposing unduly oppressive penalties, and with a disposition to be as lenient as the public interest will permit.  But the leniency tendered has been construed as license; and increasing penalties have been the necessary sequel.  In this case, the defendant became a witness in his own behalf, and denied categorically all the evidence, both of Read and of Winterowd.  In finding him guilty, the jury necessarily found his evidence to have been false.  If false, it was deliberately and consciously so.  He had previously been convicted of a felony, and he disclosed himself herein as a conscious perjurer.  The record discloses no reason that would justify us in interfering with the penalty imposed.

The foregoing comprise all the questions argued which are

3. INTOXICATING LIQUORS: bootlegging: excessive sentence.

legitimately predicated upon this record. The judgment of the lower court is affirmed.—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.