STATE OF IOWA, Appellee, v. EMMETT PEACOCK, Appellant.

CRIMINAL LAW: Trial—Continuance—Discretion of Court. The refusal in a criminal case of a continuance based on the absence of witnesses is largely in the discretion of the trial court. Especially so when the applicant has been guilty of a measure of negligence, and when the testimony of the absent witness would have been cumulative to testimony appearing in the record.

. **CRIMINAL LAW:** New Trial—Misconduct in Argument—Necessary
2  Record. An assignment of misconduct of the county attorney in
   argument will not be considered, in the absence on appeal of such
   argument.

**CRIMINAL LAW:** Evidence—Accomplices—Reputation of Corrobora-
3  tive Witness. It does not necessarily follow that testimony cor-
   roborative of an accomplice is insufficient because the witness is
   of bad reputation.

**CRIMINAL LAW:** Trial—Instructions—Correct But Nonelaborate.
4  Correct but nonelaborate instructions are · all-sufficient, in the ab-
   sence of a request for further elaboration. (See Book of Anno., Vol.
   1, Sec. 11491, Anno. 26 *et seq.*)

Headnote 1:  16 C. J. pp. 458, 465.  Headnote 2:  17 C. J. p. 170.
Headnote 3:  16 C. J. p. 712.  Headnote 4:  16 C. J. p. 1059.

*Appeal from Henry District Court.*—OSCAR HALE, Judge. ·

NOVEMBER 17, 1925.

REHEARING DENIED FEBRUARY 19, 1926.

UNDER an indictment for assault with intent to commit murder, the defendant was convicted by a jury of assault with intent to commit manslaughter. From judgment pronounced on said verdict, the defendant appeals.—*Affirmed.*

*Lloyd L. Duke,* for appellant.

· *Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—The State's case tended to show that, on the 18th of May, 1924, the appellant, a resident of Fairfield, went to a stone quarry near Mt. Pleasant, and with others engaged in a gambling game. He lost considerable money, and conspired with a Mexican by the name of Frank Garcia to hold up the gamblers. Garcia returned to Fairfield, brought his brother and another with him, and held up the gamblers and took their money. Peacock was not present at this particular time, but had been there a short time before, and appeared shortly after the holdup. At 'some stage of the holdup, one of the Mexicans shot one of the gamblers, one Swaney by name.

The first error assigned is the refusal of the court to grant

a continuance. The indictment was·returned on the 16th of October, 1924. Defendant was arraigned on the following day, and his trial set for the 24th of the same month. The trial commenced on the 28th of October, and on the ˙31st of October it was adjourned until November 3d, for the purpose of permitting the defendant to secure two witnesses, ᶦAndres and McHenry. Defendant was unable to secure the attendance of said witnesses, and on resumption of the trial on November 3d, filed a motion for continuance, claiming that he had formerly had an understanding that the witnesses would be present, but on a subsequent interview found that they were out of the state, and would not return to testify. Had counsel interviewed the witnesses in the first instance, before entering upon the trial, instead of leaving the matter to others, they would probably have learned that the witnesses were adverse to entering the state, and could have taken their depositions.

1. CRIMINAL LAW: trial: continuance: discretion of court.

We have reviewed the statement of the grounds for continuance, and the showing as to what defendant expected to prove by the two witnesses, and in substance find that at most it is only cumulative, as evidence had been introduced by other witnesses on most of the questions involved. More than this, we have held that the granting or refusal of a continuance is largely discretionary with the court, and refusal to grant a continuance is not ground for reversal unless the court has abused its discretion. *State v. Hillman,* 200 Iowa 320; *State v. Pell,* 140 Iowa 655; *State v. Sterman,* 199 Iowa 569. We do not feel that the lower court abused its discretion in refusing this continuance.

Another error is assigned, based on alleged misconduct in argument of the prosecuting attorney. Under the record, there is nothing before us on this assignment. The argument complained of is not set out in the record; hence we are unable to say that the prosecutor exceeded the bounds of legitimate argument. *State v. Walker,* 200 Iowa 341; *State v. Chambers,* 179 Iowa 436.

2. CRIMINAL LAW: new trial: misconduct in argument: necessary record.

It is next urged that there was not sufficient corroboration of the testimony of the accomplice Garcia; but this argument carries very little weight, because it is admitted that the testi-

**3. CRIMINAL LAW: evidence: accomplices: reputation of corroborative witness.** mony of one Mabel Burns did corroborate Garcia. However, it is sought to avoid the force and effect of her testimony by the fact that she was a married woman, living with Garcia, and bore a bad reputation. These matters all go to the credibility of the testimony of this woman, but do not take away the force and effect of her testimony, whether it be strong or weak, as corroborating Garcia. We therefore find no error here.

It is urged that the instructions as a whole permit the doing of an unlawful act to take the place of a specific intent to kill. We do not so read them, nor do we think they can be so construed. The court correctly marked out the crimes involved, with their limitations and elements.

Instruction 8 is complained of because it is thought that malice aforethought could be inferred from the doing of an unlawful act. This instruction was an abstract definition of "malice aforethought," and is the usual definition therefor. Later, it was properly applied in a subsequent instruction. There was no error in this respect.

It is thought that Instructions 11, 12, and 13 are contrary to other instructions, but we do not think there is anything in this contention. These instructions deal with included offenses and define them. The reading of the instructions as a whole is sufficient to show that there is no error.

In Instruction 14 the court told the jury that Frank and Peter Garcia were accomplices, and that their testimony should be corroborated. This is correct exposition of the law, and if

**4. CRIMINAL LAW: trial: instructions: correct but nonelaborate.** it does not go far enough or cover other witnesses, it is the fault of the appellant in not asking further instruction.

Complaint is made about Instruction 6, but no specific objection or exception is taken to that instruction, and if taken, would have been of no avail.

Appellant further insists that on the whole case there was a reasonable doubt of the guilt of the appellant. Suffice it to say that we have read the record carefully, and conclude that this was a question of fact for the jury; and, it having passed

on the same, we are not disposed to disturb its findings.—*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.