STATE OF IOWA, Appellee, v. CLAYBORN W. SIPE, Appellant.

No. 47443.

(Reported in 37 N. W. 2d 914)

Russell Decker, of Ames, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Ed J. Kelley, County Attorney, for appellee.

HAYS, J.—From a conviction and judgment for operating a motor vehicle upon the public highways while intoxicated, the defendant appeals.

Appellant's first assigned error is to the effect that the trial court committed error in overruling his motion for a continuance.

The Information, charging the offense to have occurred on October 23, 1948, was filed October 25, 1948, at which time the appellant appeared, waived formal arraignment and entered a plea of not guilty. The case was assigned for trial on November 1, 1948. On the morning of November 1, 1948, appellant filed a motion for a continuance, supported by his affidavit, as authorized by section 780.2, Code of 1946, and Rules 182(a) and 183(b), Rules of Civil Procedure. The trial court immediately overruled the same and entered the following ruling in the court docket: "Defendant present with his counsel as the case is called for trial seven days after it was set, the defendant files a motion for continuance with no affidavit of the alleged witness or the attending physician; it is overruled * * *."

Section 780.2, Code of 1946, makes the Rules of Civil Pro-

cedure relative to continuances of civil causes, applicable to continuances of criminal actions.

Rule 182(a), Rules of Civil Procedure, requires that motions for continuance shall be filed without delay after the grounds therefor become known to the party or his counsel.

Rule 183(a), Rules of Civil Procedure, provides for the allowance of a continuance for any cause not growing out of the fault of the applicant, which satisfies the court that substantial justice will be furthered thereby.

Rule 183(b), Rules of Civil Procedure, states that all such motions based on absence of evidence must be supported by the affidavit of the party, his agent or attorney and must show: (1) name and residence of the witness (2) efforts made to procure such witness or testimony and facts showing reasonable grounds to believe the testimony will be available by the next term, and (3) the particular facts affiant believes the witness will testify concerning and that he believes them to be true and knows of no other witness by whom they can be fully proved.

Appellant's affidavit supporting the motion states the name and address of the absent witness; it says that the witness became sick with flu on October 31, 1948, and is bedfast, under his doctor's orders, but believes that the witness will soon be available; it sets forth that the witness was with affiant on the date in question, October 23, 1948, and would testify that affiant had not been drinking and was not intoxicated; it states that this testimony is believed to be true and that there is no other witness by whom the facts can be fully established. The affidavit is sufficient under Rule 183(b), Rules of Civil Procedure. The Rule does not require an affidavit by either the witness or his physician, as indicated in the court's entry.

The rule is so well established as not to require citation of authorities, that only where there is an abuse of judicial discretion will this court interfere with the action of the trial court in passing upon a motion for a continuance; but see State v. Chapman, 198 Iowa 1206, 197 N. W. 923; State v. Maupin, 196 Iowa 904, 192 N. W. 828, 195 N. W. 517. It is also the general rule that where the testimony of the absent witness is merely cumulative, a refusal to grant the continuance

will be upheld. State v. Peacock, 201 Iowa 462, 205 N. W. 738.

Cumulative evidence is additional evidence of the same kind to the same point. Jones on Evidence, Third Ed., section 8; Eller v. Paul Revere L. Ins. Co., 230 Iowa 1255, 300 N. W. 535. The record shows that the appellant was the sole witness for the defense, as to the matters concerning which the absent witness would testify. While, strictly speaking, this testimony would be cumulative under the above definition, we do not believe it to be such as is contemplated in the various authorities dealing with the subject in this connection. But assuming it is cumulative, this fact does not in all instances mean that such testimony should not be available to a party, even to the extent of allowing a continuance for its procurement. This is especially true where the direct evidence of the transaction in question is in conflict, as that issue may often be determined by the number of witnesses, and in such a case the objection that the testimony is cumulative should not prevail. State v. Hasty, 121 Iowa 507, 96 N. W. 1115.

The sole question in dispute is whether or not appellant was intoxicated at the time charged in the Information. The testimony of the absent witness went directly to this point and the ends of justice require that appellant have the benefit thereof, if reasonably procurable. The motion for a continuance should have been sustained, and the failure to do so constitutes an abuse of judicial discretion.

In view of the fact that there must be a new trial, we do not pass upon the other assignments of error. For the reason above stated the judgment of the trial court must be and the same is reversed.—Reversed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.