STATE of Iowa, Appellee,

v.

Sharon Marie MATTLY, Appellant.

No. 93–645.

Supreme Court of Iowa.

March 23, 1994.

**740**

Kermit L. Dunahoo of Dunahoo Law Firm, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., Kevin Parker, County Atty., and John Criswell, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

The question here is whether the trial court abused its discretion in denying a request to withdraw a guilty plea. Because we find no abuse we affirm defendant's conviction.

On January 15, 1993, defendant Sharon Marie Mattly entered a guilty plea to a charge of delivery of a controlled substance (Iowa Code § 204.401(1)(d) (1991)) and being an habitual offender (Iowa Code § 902.8). She in no way challenges the guilty plea proceeding, which indeed could serve as a model for complying with Iowa rule of criminal procedure 8(2)(b) and (c).

Sentencing was set for March 2 but was continued until March 8 because the presentence investigation report had not been on file for the requisite time period. On March 2 Mattly told her attorney for the first time about circumstances thought to indicate a defense of compulsion to commit the crime. She asserted that, when she previously attempted to stop selling marijuana, people became very angry with her. She stated they would not leave her alone and made threats of future bodily injury directed at both her and her family. These threats were said to stem from her debts to those people, incurred from her own marijuana consumption. In hope of pursuing this defense, Mattly filed a motion to withdraw her guilty plea.

Sentencing was again continued and finally took place on April 12 at which time the trial court denied the motion to withdraw, stating that a valid guilty plea waives all defenses. The court noted that Mattly's plea was valid and observed that she was not even challenging its validity. The court found that "Miss Mattly's problem is that she doesn't want to go to the penitentiary," not that she failed earlier to inform her counsel of the potential defense. The court did receive evidence on Mattly's claims of compulsion for the purpose of considering Mattly's request for probation of sentence.

In accordance with the recommendation in the presentence report, she was sentenced to two concurrent fifteen-year terms, with a mandatory term of three years to be served.

■ I. The trial court was correct in observing that a valid guilty plea waives all defenses and objections (except that the information or indictment charges no offense

or any irregularities intrinsic in the plea itself). *State v. McGee*, 211 N.W.2d 267, 268 (Iowa 1973). *See, e.g., State v. Morehouse*, 316 N.W.2d 884, 885 (Iowa 1982) (guilty plea waived right to contest adverse pretrial rulings on consolidation and speedy trial); *State v. Boge*, 252 N.W.2d 411, 413 (Iowa 1977) (insanity defense barred by voluntary and intelligent guilty plea).

■ II. Our review of a trial court's denial of a request to withdraw a guilty plea is for abuse of discretion. *State v. Tillman*, 228 N.W.2d 38, 39 (Iowa 1975). No abuse will be found unless the defendant shows the "discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable." *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987). Mattly contends that the court's "summary" disposition of her motion was abuse in itself. She argues the district court failed to exercise any discretion at all because it refused to consider her evidence on the question of compulsion.

The facts here fall short of showing abuse. A closer question was involved in *Ramirez*, where a presentence report also recommended incarceration on an inappropriate basis (refusal, in an *Alford* plea, to admit guilt). *Id.* Counsel's late awareness of the claimed flaw did not require the trial court to allow withdrawal of a guilty plea. There, as here, a valid plea was entered pursuant to a plea bargain. There, as here, the late awareness of a possible defense coincided with the realization that incarceration, not probation, was imminent. Under *Ramirez* there was no abuse here.

■ III. Mattly asserts that Iowa law provides no standards to guide the district court when considering motions to withdraw a guilty plea. She requests us to adopt the ones enunciated by the eighth circuit court of appeals in *United States v. Abdullah*, 947 F.2d 306 (8th Cir.1991). In *Abdullah*, the eighth circuit set forth the following four-factor test to be used when considering a request for withdrawal of plea:

(1) Whether defendant established a fair and just reason to withdraw the plea;

(2) Whether defendant asserts legal innocence of the charge;

(3) Length of time between the plea and motion to withdraw;

(4) Whether the government will be prejudiced.

*Id.* at 311.

The "fair and just" standard initially appeared in dictum in *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927), and is not constitutionally based. The federal courts apply it only to withdrawal motions filed prior to sentencing. *United States v. Barker*, 514 F.2d 208, 218–19 (D.C.Cir.1975). When a motion to withdraw arises after sentencing, only manifest injustice allows withdrawal of the plea in the federal courts. *Id.*

We are not inclined to impose the federal guidelines on Iowa courts and refuse to do so.[1] An Iowa trial court presented with an application to withdraw a guilty plea might wish to be guided by the *Abdullah* four-factor test; although we refuse to impose that test, we observe it to be entirely adequate.

■ IV. Mattly asserts that defense counsel was ineffective for failing to object when the court denied the motion to withdraw the guilty plea, she argues, "summarily." Claims of ineffectiveness are usually preserved for postconviction review. *State v. Taylor*, 310 N.W.2d 174, 179 (Iowa 1981). It is however appropriate to now reject this claim as groundless.

■ It cannot be said that counsel here neglected to perform an essential duty or that prejudice arose. Both are required for success on an ineffective assistance claim. *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987). Defense counsel filed a motion to withdraw the plea when he first heard of the possible defense. He argued it at the sentencing hearing and presented evidence supporting the theory in connection with the

---

1. We in no way suggest that the present facts would change the result for Mattly. For one thing the compulsion defense seems inappropri-ate and unavailing under *State v. Walton*, 311 N.W.2d 113, 115 (Iowa 1981).

request for probation. Further effort was neither required nor justified and no prejudice resulted.

**AFFIRMED.**