STATE of Iowa, Appellee,

v.

**Darryl Duane LaGRANGE, Appellant.**

**No. 94–1358.**

Court of Appeals of Iowa.

Oct. 31, 1995.

Linda Del Gallo, State Appellate Defender, and John F. Fatino, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General; Susan M. Crawford, Assistant Attorney General; Denver D. Dillard, County Attorney; and Laurie Craig, Assistant County Attorney, for appellee.

Heard by DONIELSON, C.J., and HAYDEN and CADY, JJ.

DONIELSON, Chief Judge.

The defendant, Darryl LaGrange, appeals his convictions for driving while barred and second-offense operating while intoxicated. He challenges the sufficiency of the evidence to support the convictions and the trial court's refusal to grant his motion for a continuance. We reverse with respect to the latter issue and remand this case for retrial.

The defendant was arrested on March 26, 1994, for operating a vehicle while intoxicated and for driving while his license was barred. The arresting officer claimed she saw the defendant driving his pickup into the parking lot of a convenience store. At trial the defendant claimed his roommate, Michael Chevalier, was driving the vehicle. The defendant and his son, who had been a passenger in the pickup, testified Chevalier was the driver of the vehicle. At the time the defendant alleges Chevalier was driving the pickup, Chevalier's driver's license was also suspended.

Trial was originally scheduled for June 27, 1994. On June 23 the State filed a motion to continue the trial because one its witnesses was in Germany. The defendant resisted the motion, in part, on the basis that Chevalier's availability as a witness might be prejudiced by delaying the trial. On June 27 the court heard arguments on the motion and granted the State's request for a continuance. In response to a subpoena, Michael Chevalier also appeared before the court on June 27 to appear as a witness for the defense. The court made a record regarding the continuance of the trial date and then proceeded to address the potentially incriminating nature of Mr. Chevalier's anticipated testimony. The court provided Chevalier with an extensive explanation of his Fifth Amendment rights and advised him to obtain legal counsel before deciding whether to testify at the rescheduled trial. During the course of the June 27 hearing, Mr. Chevalier indicated he did not know if he wished to invoke his Fifth Amendment rights.

The trial was rescheduled to 9:00 a.m., July 11, 1994. In preparation for the rescheduled trial date, the defendant again subpoenaed Michael Chevalier's attendance at the trial. Chevalier honored the subpoena on the morning of the trial and appeared and waited to be called as a witness. However, Chevalier failed to return to the court following the noon recess.

A review of the record indicates the defendant intended to call Chevalier as his second witness. When the defendant called Chevalier, the court attendant informed the court the witness was not present. The court ordered a short recess to see if Chevalier could be located. The testimony of another witness and the defendant was then presented. Following the defendant's testimony another recess was taken during which the defendant searched for Chevalier. The defendant moved for a continuance and the following record was made:

THE COURT: Let the record reflect we're outside the presence of the jury in chambers. The defendant has called three witnesses. It's my understanding that Mr. Chevalier is not going to be testifying, at least this day.

[DEFENSE COUNSEL]: Your Honor, it's my understanding that, as you know, Mr. Chevalier was subpoenaed to be here before the Court for today. He was subpoenaed last time this was scheduled as well. He did appear this morning at approximately 8:30, the time in which he was subpoenaed. As you know, he was given the right of counsel, and counsel advised the Court that Mr. Chevalier planned on testifying despite his rights being read to him and despite the fact that he faced criminal charges if he, in fact, admitted he was driving. Mr. Chevalier was here until about noontime. At the noon break Mr. Chevalier apparently went home. We have sent somebody for Mr. Chevalier, and it's been reported to us that Mr. Chevalier is intoxicated at this time and has indicated that he's not going to appear before the Court.

In light of this, and in light of the fact that Mr. Chevalier is the key witness in this matter, we are moving for a continuance so as not to prejudice my client. Mr. Chevalier again is under subpoena and was, in fact, here today, and obviously since he's the key to my client's case and obviously since I have addressed Mr. Chevalier, not only in opening statements but throughout the entire court proceedings, it's prejudicial to my client to not grant a continuance until such time as we can get ahold of Mr. Chevalier and either hold him in contempt of court or at least get him here to testify.

THE COURT: Mr. Craig?

[THE STATE]: Your Honor, today is the day set for trial. We have gone approximately two-thirds of the way through the trial. It would be extremely inconvenient to the jury to be sent home for 24 hours to return, especially when we've indicated to them that we would wrap it up today or perhaps early tomorrow. I feel that Mr. Bertroche has exercised his right to subpoena the witness, but if they're not here,

that's too bad. We're ready to go. We would like to wrap it up right now. We would resist the motion to continue.

THE COURT: The Court will deny the motion, Mr. Bertroche. He was present and he understood he had been under subpoena. There's no guarantee that he would be sober tomorrow morning or any other time to re-subpoena him, and I won't delay the trial in light of the fact that he did make it to the courthouse today and was well aware he was going to be expected to testify. . . .

■ Iowa Rule of Civil Procedure 183(a) is applicable to criminal cases, *State v. Ware,* 338 N.W.2d 707, 714 (Iowa 1983), and provides "[a] continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained." A ruling denying a motion for a continuance is discretionary and calls for reversal only upon a showing of abuse of discretion. *State v. Teeters,* 487 N.W.2d 346, 348 (Iowa 1992). "Many trial continuances are sought on legitimate grounds. In spite of careful plans and diligent preparations, an unanticipated event will on occasion necessarily precipitate a continuance motion." *Id.* Trial judges are called upon to do justice to those needing and deserving a continuance, while at the same time resolutely moving the trial assignment toward the speedy resolution of cases. *Id.* "The trial judge must sense whether a given continuance motion stems from a legitimate need, or from a wish to delay." *Id.*

■ We are aware a trial court has "very broad" discretion in ruling on a motion for a continuance. *State v. Sieren,* 253 Iowa 118, 121, 111 N.W.2d 249, 250 (1961). However, we find it was an abuse of discretion to deny the defendant's request for a continuance in this case. Several factors influence our decision. First, there is no evidence the defendant sought a continuance for the purpose of delaying the trial, and it was certainly no fault of the defendant the witness left the courthouse and become intoxicated. The second significant factor influencing our decision is that this was not a case in which the defendant had failed to subpoena the witness,

*State v. Leins*, 234 N.W.2d 645, 648 (Iowa 1975), or the whereabouts of the absent witness were unknown and it was uncertain if the witness's attendance could ever be compelled. *See, e.g., Teeters*, 487 N.W.2d at 348; *Sieren*, 253 Iowa at 120, 111 N.W.2d at 250. Chevalier had twice demonstrated an ability to honor a subpoena by appearing on June 27 and July 11, and there was no reason to question his availability if his appearance was resubpoenaed or coerced by warrant or the threat of a contempt action. *See* Iowa R.Crim.P. 14(5); Iowa Code §§ 622.76, 665.2(4) (1995).

Finally, nothing in the record indicates whether Chevalier had conclusively determined whether or not to invoke his Fifth Amendment rights. Had he testified as expected by the defendant, his testimony could have absolved the defendant of criminal liability as Chevalier would have admitted being the driver on the night in question. This is not a case in which the testimony of the absent witness would have been merely cumulative. *See State v. Peacock*, 201 Iowa 462, 464, 205 N.W. 738, 739 (1925).

This case is similar to that of *State v. Sipe*, 240 Iowa 872, 37 N.W.2d 914 (1949). In *Sipe*, the issue was whether the driver of a vehicle had been intoxicated. The defendant's key witness was absent with the flu. The witness was with the defendant at the time of the alleged offense and was expected to testify the defendant had not been drinking and was not intoxicated. Under these circumstances it was held that where a witness's testimony went directly to a point in issue, and was reasonably procurable, it was an abuse of discretion to deny the request for a continuance. *See id.* at 875, 37 N.W.2d at 916. We find it was an abuse of discretion to deny the defendant's request for a continuance and remand this case for retrial.

**REVERSED AND REMANDED.**