# IN THE COURT OF APPEALS OF IOWA

No. 14-0916
Filed March 25, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTHONY EARL HOPKINS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

Defendant appeals from his judgment and sentence for willful injury resulting in bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Carlyle Dalen, County Attorney, and Steven Tynan, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Anthony Hopkins appeals from his judgment and sentence for willful injury resulting in bodily injury, in violation of Iowa Code section 708.4(2) (2013). Hopkins maintains trial counsel provided ineffective assistance. Specifically, he maintains counsel was ineffective for allowing him to plead guilty without a factual basis and for failing to file a motion in arrest of judgment to challenge the plea. Because we conclude Hopkins' trial counsel did not provide ineffective assistance, we affirm.

**I. Background Facts and Proceedings.**

On June 25, 2013, Hopkins was charged by trial information with willful injury resulting in serious injury.

Pursuant to a plea agreement, Hopkins pled guilty to the lesser charge of willful injury resulting in bodily injury, and the State recommended that he receive a suspended sentence. Hopkins filed the written guilty plea on December 12, 2013. The plea included the statement, "I admit on or about June 16, 2013, in Cerro Gordo County, IA, I did an act, which was not justified with the specific intent to cause a serious injury to another person." The plea also advised that the court may rely on the minutes of testimony as a further factual basis to support the plea.

On January 15, 2014, the court engaged in an on-the-record plea colloquy with Hopkins. When asked to explain the event, Hopkins stated, "Well, it was a confrontation on a Father's Day picnic, which I was approached by a guy [Reginald Ingram] and at the time I felt threatened. Well, the confrontation happened and the guy ended up sustaining an injury caused by me." Hopkins

confirmed he had a knife at the time of the confrontation and Ingram sustained a cut by the knife. The State added, "[Ingram] was cut. I believe there are photographs attached to the trial information and minutes too. He was cut by the knife in the chest, in the heart area, and by my counting, it looks like 12 or 13 stitches." Hopkins agreed with the State's statement.

The district court entered judgment and sentence on May 9, 2014. Hopkins was sentenced to five-year suspended sentence. He was placed on probation for three years. Hopkins appeals.

## II. Standard of Review.

A defendant may raise an ineffective-assistance claim on direct appeal if he has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If we determine the record is adequate, we may decide the claim. *Id.* We review claims for ineffective assistance of counsel de novo. *Id.*

## III. Discussion.

Hopkins maintains trial counsel was ineffective for allowing him to plead guilty to willful injury causing bodily injury because the plea lacked a factual basis. He also maintains trial counsel was ineffective for failing to file a motion in arrest of judgment to challenge the factual basis of the plea.

We generally preserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings. Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."); *State*

*v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W .2d 237, 240 (Iowa 2006). We prefer to reserve such claims for development of the record and to allow trial counsel to defend against the charge. *Id.* If the record is inadequate to address the claim on direct appeal, we must preserve the claim for a postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Because we find the record adequate in this case, we consider the merits of Hopkins' claims.

To prevail on a claim of ineffective assistance of counsel, Hopkins must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To prove counsel failed to perform an essential duty, he must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Hopkins must overcome a strong presumption of counsel's competence. *Id.* at 689. To establish prejudice, he must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The claim fails if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

Here, Hopkins maintains his guilty plea lacked a factual basis because neither Hopkins' admissions nor the minutes of testimony establish that Ingram suffered bodily injury—a necessary element of willful injury causing bodily injury.[1]

"In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). During the plea colloquy, Hopkins admitted, "Well, the confrontation happened and the guy ended up sustaining an injury caused by me." While Hopkins' admission is sufficient to establish a factual basis for his guilty plea, the minutes of testimony also included the expected testimony of Ingram, stating:

> [Ingram] will testify specifically he was seriously injured with serious permanent disfigurement, by the defendant . . . . The witness will testify that the defendant slashed, cut, and/or stabbed this witness with a knife and thereby caused serious injury to this witness's chest and/or abdomen, and that the defendant assaulted this witness without any justification.

Moreover, the minutes also included a police report and a supplemental police report, which both described the injuries Ingram sustained. Hopkins also agreed with the State's rendition of the victim being cut with a knife and requiring twelve or thirteen stitches. This is sufficient to constitute a bodily injury. *See State v. McKee*, 312 N.W.2d 907, 913 (Iowa 1981) (stating the ordinary definition of

---

[1] In his brief, Hopkins states, in passing, "it is obvious Hopkins may have been acting in self-defense," and "intoxication is a valid defense against a specific intent element." However, Hopkins also admits, "[He] agreed that he did an act, which was not justified, with the specific intent to cause a serious injury to another person." Additionally, "a valid guilty plea waives all defenses and objections (except that the information or indictment charges no offense or any irregularities in the plea itself)." *State v. Matty*, 513 N.W.2d 739, 740–41 (Iowa 1994).

"bodily injury" coincides with the Model Penal Code definition of "physical pain, illness, or any impairment of physical condition").

Because a factual basis for the plea exists, Hopkins has not proven that trial counsel failed to perform an essential duty. *See State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009) ("[C]ounsel has no duty to pursue a meritless issue."). Thus, Hopkins' trial attorney did not breach an essential duty, and we need not address the prejudice element of ineffective assistance. *See Everett*, 789 N.W.2d at 159. We affirm.

**AFFIRMED.**