# IN THE COURT OF APPEALS OF IOWA

No. 16-1305
Filed June 7, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RYAN DAVID TROSTEL,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Thomas W. Mott, Judge.

A defendant appeals his conviction and sentence. **AFFIRMED.**

Warren J. Polson of Updegraff & Smith, Newton, and Taylor Rens of Krug & Rens, LLC, West Allis, Wisconsin, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Ryan Trostel appeals his conviction and sentence, claiming the district court erred in denying his motion to vacate his guilty plea and in denying his motion to continue his sentencing hearing.

## I.     Background Facts and Proceedings

On January 26, 2016, the State charged Trostel with operating while intoxicated, in violation of Iowa Code section 321J.2 (2015).  Initially, Trostel requested court-appointed counsel, but he was not eligible.  Trostel then requested and received a continuance, granting him more time to obtain representation.  On March 9, Trostel appeared without counsel, signed a written waiver of his right to counsel, and pled guilty as charged.  The district court accepted the guilty plea and scheduled sentencing for April 6.

On April 5, an attorney licensed to practice in Wisconsin sent the court a letter that requested Trostel's sentencing be continued and indicated the attorney intended to file an application to be admitted pro hac vice so he could represent Trostel.  The letter also indicated that the attorney planned to investigate the validity of Trostel's guilty plea.  The court continued Trostel's sentencing until May 4.  The attorney from Wisconsin did not file an application to appear pro hac vice at that time; rather, an attorney licensed to practice in Iowa filed an appearance on April 18.  That attorney requested and received two additional continuances of Trostel's sentencing, with sentencing ultimately being scheduled for June 29.

On June 24, the attorney from Wisconsin filed an application for admission pro hac vice, which was granted the same day.  On June 28, the attorney from

Wisconsin filed an appearance and motion for continuance. On the same day, the attorney from Iowa filed a motion to withdraw, which was granted. On June 29, prior to the scheduled sentencing hearing, the court denied Trostel's motion to continue sentencing. On the same day, Trostel filed a motion to withdraw his guilty plea, claiming he "plead [sic] guilty because he did not have the financial means to pursue legitimate defenses that he would otherwise would have pursued."[1] The court denied Trostel's motion to withdraw his guilty plea and, after a hearing, entered the conviction and sentenced Trostel to two days in jail and a fine.

Trostel appeals.

## II.     Scope and Standard of Review

Generally, we review the denial of a motion for a continuance for abuse of discretion. *State v. LaGrange*, 541 N.W.2d 562, 564 (Iowa Ct. App. 1995). However, when a constitutional right is implicated, our review is de novo. *State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012).

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *State v. Mattly*, 513 N.W.2d 739, 741 (Iowa 1994). "No abuse will be found unless the defendant shows the 'discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable.'" *Id.* (quoting *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987)).

## III.     Motion for a Continuance

Trostel claims the district court's denial of his motion to continue sentencing violated his right to effective assistance of counsel as guaranteed by

---

[1] The attorney from Wisconsin agreed to represent Trostel pro bono.

both the United States Constitution under the Sixth Amendment and the Constitution of the State of Iowa under article I, section 10. Alternatively, Trostel argues the court abused its discretion in denying the motion. The State asserts Trostel failed to preserve error on the constitutional-right-to-effective-assistance-of-counsel issue and the court did not abuse its discretion in denying Trostel's motion for a continuance.

### A.    Right to Effective Assistance of Counsel

For an issue to be properly preserved, it "must ordinarily be both raised and decided by the district court." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). If a party believes an issue was raised before the district court but was not ruled on, the party is required to file a motion under Iowa Rule of Civil Procedure 1.904(2), requesting the court address the issue. *Id.*

In his motion for continuance filed on June 28, Trostel noted that his new counsel was only granted admission pro hac vice four days prior and requested a continuance because "[c]ounsel has not received or had an opportunity to review the discovery in this case." The motion did not raise the constitutional issue, and the district court did not address it in denying the motion for a continuance. Yet, Trostel did not file a rule 1.904(2) motion and request the court address the issue. Accordingly, Trostel failed to preserve error on the issue, and we decline to address it. *See id.*

### B.    Abuse of Discretion

Iowa Rule of Criminal Procedure 2.9(2) provides: "Motions for continuance are discouraged. A motion for continuance shall not be granted except upon a showing of good and compelling cause." District courts have "'very broad'

discretion in ruling on a motion for a continuance." *LaGrange*, 541 N.W.2d at 564 (quoting *State v. Sieren*, 111 N.W.2d 249, 250 (Iowa 1961)). However, that discretion is limited by constitutional considerations. *State v. Williams*, 207 N.W.2d 98, 106 (Iowa 1973); *see also Clark*, 814 N.W.2d at 561 (noting the right to effective assistance of counsel as a potential limitation on a court's discretion in denying a continuance). "Whether in any case enough time has been afforded for consultation, investigation for witnesses, and preparation of the law and facts depends upon the circumstances of the case including the complexity of the factual issues and the legal principles involved." *Orcutt v. State*, 173 N.W.2d 66, 71 (Iowa 1969). "Trial judges are called upon to do justice to those needing and deserving a continuance, while at the same time resolutely moving the trial assignment toward the speedy resolution of cases." *LaGrange*, 541 N.W.2d at 564.

Upon our review of the record, we find no abuse of discretion in the district court's denial of Trostel's motion for a continuance. Trostel's sentencing hearing had already been continued four times prior to the final request from the Wisconsin attorney. When the Wisconsin attorney first contacted the district court on April 5, his letter indicated that he would be seeking admission pro hac vice so that he could affiliate with local counsel and represent Trostel. The letter also mentioned that the attorney had doubts about the validity of Trostel's guilty plea, indicating he was aware of potential issues with Trostel's guilty plea when he sent the letter. Nevertheless, the Wisconsin attorney did not apply for admission immediately following the letter; instead, Trostel retained an Iowa attorney, who represented Trostel for a two-month period in which two of the

prior continuances were granted. On June 24, five days before sentencing, the Wisconsin attorney applied for and was granted pro hac vice admission. Considering the nature of the charge and circumstances surrounding the crime Trostel pled guilty to, five days was adequate time to prepare for the sentencing hearing. Further, the fact that the Wisconsin attorney was aware of the case for several months prior to appearing and was able to file a motion that adequately expressed the reasons for seeking the continuance and a motion that adequately expressed the reasons Trostel should be allowed to withdraw his guilty plea indicates that the time between his admission and the hearing was adequate for him to effectively represent Trostel. While the Wisconsin attorney did not appear at the sentencing hearing, his motion was on file, and local counsel was present to ensure the court was aware of the motion and aware of Trostel's desire to withdraw his guilty plea. Accordingly, we discern no abuse of discretion by the district court.

### IV.     Motion to Withdraw Guilty Plea

Trostel also contends the district court erred in denying his motion to withdraw his guilty plea, claiming the court applied the incorrect legal standards in evaluating the motion. The State disagrees.

Importantly, Trostel does not challenge the adequacy of his guilty plea proceeding, as such a challenge would have required Trostel to have filed a motion in arrest of judgment to properly preserve error. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Rather, he claims he should have been

allowed to withdraw his guilty plea and substitute a not-guilty plea in accordance with rule 2.8(2)(a). "We will uphold a refusal of permission to withdraw a plea of guilty where 'a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion . . . .'" *Ramirez*, 400 N.W.2d at 588 (quoting *State v. Weckman*, 180 N.W.2d 434, 436 (Iowa 1970)).

> In denying Trostel's motion to withdraw his guilty plea, the court stated:
>
> [T]he court finds nothing invalid about the guilty plea. I've looked at it. It looks complete. The case has been continued numerous times. I don't see anything to indicate incompetence on Mr. Trostel's part. The motion to withdraw—or request to withdraw the guilty plea has been filed less than five days for sentencing—before sentencing, scheduled for today, so the court will overrule the motion to withdraw the guilty plea.

The court's ruling appropriately addresses the concerns outlined in *Ramirez*. 400 N.W.2d at 588 (quoting *Weckman*, 180 N.W.2d at 436). Our review of the record indicates Trostel was informed of and understood the nature of the charge against him and the rights and consequences that accompanied his guilty plea. Nothing about Trostel himself or the entry of his guilty plea suggests his understanding was compromised in any way. Accordingly, we find no abuse of discretion in the district court's denial of his request to withdraw his guilty plea.

## V. Conclusion

Because we find no abuse of discretion in the district court's denial of Trostel's motion for a continuance or its denial of Trostel's motion to withdraw his guilty plea, we affirm his conviction.

**AFFIRMED.**