# IN THE COURT OF APPEALS OF IOWA

No. 18-2141
Filed February 19, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TONY LOPEZ,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Defendant appeals the district court decision denying his request to withdraw his guilty plea to first-degree robbery.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Tabor, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Tony Lopez appeals the district court decision denying his request to withdraw his guilty plea to first-degree robbery. The evidence shows the defendant had full knowledge of the charge against him, as well as his rights and the consequences of a plea of guilty. We conclude the district court did not abuse its discretion in finding Lopez made a knowing and voluntary plea. We affirm the district court's decision denying Lopez's motion to withdraw his guilty plea.

## I.     Background Facts & Proceedings

Lopez was charged with burglary in the first degree, in violation of Iowa Code section 713.3(1) (2017), and robbery in the first degree, in violation of section 711.2. He entered into a plea agreement in which he agreed to plead guilty to first-degree robbery and the State agreed to dismiss the charge of first-degree burglary.

A plea hearing was held on October 22, 2018, where the following exchanges occurred:

> The Court: Are you under the influence of alcohol, drugs or any medication today that would—well, I guess, first of all, are you under the influence of alcohol, drugs or any medication today?
> The Defendant: No, but I do have a bit of a hangover.
> The Court: You have a bit of a hangover?
> The Defendant: Yeah.
> The Court: Is that impacting your ability to think clearly this morning?
> The Defendant: No, ma'am.
> The Court: Is it impacting your ability to make decisions today?
> The Defendant: No, ma'am.
>  . . . .
> The Court: I previously asked you some questions about your age, education and whether you were under the influence of anything that would impact you today. Were your answers to all those questions accurate?
> The Defendant: Yes.

The district court concluded Lopez was acting voluntarily. The court found he fully understood his rights and the consequences of his plea. The court accepted Lopez's guilty plea.

On November 15, Lopez filed a motion pro se to withdraw his guilty plea. He stated he was under the influence at the time he pled guilty. On November 24, Lopez filed a second pro se motion to withdraw his plea, again stating he was under the influence when he pled guilty.

Lopez's motions were considered at the sentencing hearing. Lopez testified, "I was clearly drunk. I been—I been drinking within all that week because I was nervous about that day." The court noted Lopez was in the Polk County jail at the time of his guilty plea and asked how Lopez became drunk. Lopez testified:

> Because we been—we been making stuff called—a drink called hooch, we call it, in jail, and we would drink it, and it would be the same as you would drink in the real, but I've been in Polk County, so my body is really purged of any type of drug or drink consumed.

Lopez stated he drank on the day of his guilty plea and the day before, as well as within the week. The State argued Lopez was having "buyer's remorse" about his guilty plea.

The court denied Lopez's motion to withdraw his guilty plea. The court stated:

> At the time of the guilty plea, I asked you if you were—I specifically asked you if you were under the influence or intoxicated. You indicated you were not. You did tell the Court that you were hung over. So you weren't hiding the fact that you may be drinking some sort of hooch type substance in jail, and you did indicate to the Court that you were hung over; and then I followed up by asking you if that was affecting your ability to understand and make decisions on the day of the guilty plea, and you indicated that it was not. So, we addressed that issue in the guilty plea hearing. And for those

reasons, I find that there's not a legal basis to set aside the guilty plea.

Lopez was sentenced to a term of imprisonment not to exceed twenty-five years. Lopez now appeals.

## II.     Withdrawal of Guilty Plea

Lopez claims the district court should have granted his request to withdraw his guilty plea. He states he was intoxicated at the time of the plea proceedings, so his plea was not knowing and voluntary.

We review a district court's decision denying a request to withdraw a guilty plea for an abuse of discretion. *State v. Mattly*, 513 N.W.2d 739, 741 (Iowa 1994). "We will not find an abuse of discretion unless the defendant shows 'that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987).

Iowa Rule of Criminal Procedure 2.8(2)(a) provides, "At any time before judgment, the court may permit a guilty plea to be withdrawn and a not guilty plea substituted." A court's decision refusing a request to withdraw a guilty plea will be upheld on appeal where "a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion." *Id.* (quoting *State v. Weckman*, 180 N.W.2d 434, 436 (Iowa 1970)). "The trial court must merely make an adequate

analysis to ensure the plea was voluntary and knowing, subject to an abuse of discretion review."[1] *Speed*, 573 N.W.2d at 596.

During the plea hearing, Lopez was asked if he was under the influence of alcohol, which he denied but said he had "a bit of a hangover." Later, Lopez stated under oath that he accurately answered the questions about whether he was under the influence. The issue of whether Lopez was under the influence was addressed during the plea proceeding. Additionally, the court was able to observe Lopez during the plea proceeding. The record reflects Lopez answered questions intelligently and there is no evidence he was in a state of confusion. The district court concluded Lopez was acting voluntarily and that he fully understood his rights and the consequences of his plea. We find the district court did not abuse its discretion in denying Lopez's request to withdraw his guilty plea.

The evidence shows "the defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion." *See Ramirez*, 400 N.W.2d at 588. We affirm the district court's decision denying Lopez's motion to withdraw his guilty plea.

**AFFIRMED.**

---

[1] In *State v. Mattly*, 513 N.W.2d 739, 741 (Iowa 1994), the court noted a four-factor test enunciated in *State v. Abdullah*, 947 F.2d 306, 311 (8th Cir. 1991), for considering a request to withdraw a guilty plea: "(1) Whether defendant established a fair and just reason to withdraw the plea; (2) Whether defendant asserts legal innocence of the charge; (3) Length of time between the plea and motion to withdraw; [and] (4) Whether the government will be prejudiced." The Iowa Supreme Court did not adopt the test but stated it was "entirely adequate." *Mattly*, 513 N.W.2d at 741. The Iowa Supreme Court "has refused to adopt the *Abdullah* factors as the standard for withdrawal of guilty pleas in Iowa." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998).